Ron Holland (SBN CA 148687)
Lindsay Hutner (SBN CA 238998)
GREENBERG TRAURIG, LLP
101 Second Street, Suite 2200
San Francisco, California 94105-3668
Telephone: 415.655.1300
Facsimile: 415.707.2010
Ron.Holland@gtlaw.com
Lindsay.Hutner@gtlaw.com

Attorneys for Defendant
SYNOPSYS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHRUTI MANGALMURTI,<br><br>        Plaintiff,<br><br>v.<br><br>SYNOPSYS, INC.,<br><br>        Defendant. | CASE NO. 5:25-cv-10694-SVK<br><br>**DEFENDANT SYNOPSYS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed:        December 15, 2025 |

Defendant, SYNOPSYS, INC ("Defendant") files this Answer and Affirmative Defenses to the Complaint ("Complaint") of Plaintiff Shruti Mangalmurti ("Plaintiff"). Except as expressly admitted below, Defendant denies the allegations in Plaintiff's Complaint.

## RESPONSE TO PLAINTIFF'S ALLEGATIONS

## INTRODUCTION

1.      Paragraph 1 of Plaintiff's Complaint reflects Plaintiff's characterization of her claims and not allegations of fact for which a response is required. To the extent a response to Paragraph 1 is required, Defendant denies the allegations contained therein.

## PARTIES

2.      Defendant lacks information or knowledge sufficient to form a belief as to whether Plaintiff is an individual residing in the State of Texas. To the extent a response to the remaining allegations of Paragraph 2 is required, Defendant admits Plaintiff was an employee of Defendant from April 19, 2021 to July 3, 2024.

3.      Paragraph 3 contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits Defendant Synopsys, Inc. is a Delaware corporation with its principal place of business located at 675 Almanor Avenue, Sunnyvale, California 94085. Defendant denies the remaining allegations contained in Paragraph 3.

## JURISDICTION AND VENUE

4.      Paragraph 4 contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that subject matter jurisdiction is proper in this Court. Defendant denies the remaining factual allegations contained in Paragraph 4.

5.      Paragraph 5 contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that supplemental jurisdiction is proper in this Court. Defendant denies the remaining factual allegations contained in Paragraph 5.

6.      Paragraph 6 contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that venue is proper in this Court. Defendant denies the remaining factual allegations contained in Paragraph 6.

///

7.    Paragraph 7 contains legal conclusions to which no response is required, and alleges facts that are known to Plaintiff. To the extent a response is required, Defendant denies the allegations in Paragraph 7.

## **FACTUAL ALLEGATIONS**

8.    Defendant admits that Plaintiff began working for Defendant in 2021 as a Product Solutions Sales Manager, Staff, and that Plaintiff's job responsibilities during her employment included supporting customers in the semiconductor industry. Defendant denies the remaining allegations contained in Paragraph 8.

9.    Defendant admits that Plaintiff exceeded her sales quota for fiscal years 2022 and 2023. Defendant denies the remaining allegations contained in Paragraph 9.

10.    Defendant admits that Plaintiff achieved over one hundred percent of her quota by mid-year of fiscal year 2024. Defendant denies the remaining allegations contained in Paragraph 10.

11.    Defendant denies the allegations contained in Paragraph 11.

12.    Defendant denies the allegations contained in Paragraph 12.

13.    Defendant denies the allegations contained in Paragraph 13.

14.    Paragraph 14 contains Plaintiff's characterization of her experiences and not allegations of fact for which a response is required. To the extent a response to Paragraph 14 is required, Defendant denies the allegations in Paragraph 14.

15.    Defendant denies the allegations contained in Paragraph 15.

16.    Defendant denies the allegations contained in Paragraph 16.

17.    Defendant denies the allegations contained in Paragraph 17.

18.    Defendant denies the allegations contained in Paragraph 18.

19.    Defendant denies the allegations contained in Paragraph 19.

20.    Defendant denies the allegations contained in Paragraph 20.

21.    Defendant denies the allegations contained in Paragraph 21.

22.    Defendant admits that Plaintiff emailed Human Resources on August 21, 2023 where she described Mehdiratta's reaction during a May 9, 2023 meeting as scary. Defendant denies the remaining allegations contained in Paragraph 22.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

23.    Defendant denies the allegations contained in Paragraph 23.

24.    Defendant denies the allegations contained in Paragraph 24.

25.    Defendant denies the allegations contained in Paragraph 25.

26.    Defendant denies the allegations contained in Paragraph 26.

27.    Defendant denies the allegations contained in Paragraph 27.

28.    Defendant denies the allegations contained in Paragraph 28.

29.    Defendant admits that Plaintiff emailed Elaine Yang in Defendant's Human Resources department on August 21, 2023. Defendant denies the remaining allegations contained in Paragraph 29.

30.    Defendant admits that Plaintiff provided a timeline of interactions with Mehdiratta. Defendant denies the remaining allegations contained in Paragraph 30.

31.    Defendant admits that Plaintiff wrote in an email to Elaine Yang on August 21, 2023, I fear he may retaliate with taking away the accounts I love working with or something else. Defendant denies the remaining allegations contained in Paragraph 31.

32.    Defendant denies the allegations contained in Paragraph 32.

33.    Defendant denies the allegations contained in Paragraph 33.

34.    Defendant denies the allegations contained in Paragraph 34.

35.    Defendant admits that Plaintiff emailed Elaine Yang in Human Resources on November 20, 2023. Defendant denies the remaining allegations contained in Paragraph 35.

36.    Paragraph 36 contains Plaintiff's characterization of her experiences and not allegations of fact for which a response is required. To the extent a response is required, Defendant admits that Plaintiff emailed Ms. Yang on November 20, 2023 requesting that they explore a different reporting structure. Defendant denies the remaining allegations contained in Paragraph 36.

37.    Paragraph 37 contains Plaintiff's characterization of her experiences and not allegations of fact for which a response is required. To the extent a response is required, Defendant admits that Plaintiff emailed Ms. Yang on November 20, 2023 requesting that they explore a different reporting structure, referencing personal challenges as a result of the reporting relationship. Defendant denies the remaining allegations contained in Paragraph 37.

38.    Defendant admits the allegations contained in Paragraph 38.

39. Paragraph 39 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 39.

40. Defendant admits that of Plaintiff's immediate team, two male employees were invited to a Diamond Club award trip in Hawaii, but others within the US-based team were invited, including female colleagues. Defendant denies the remaining allegations contained in Paragraph 40.

41. Defendant denies the allegations contained in Paragraph 41.

42. Defendant admits that attendance is based on quota achievement, among other factors. Defendant denies the remaining allegations contained in Paragraph 42.

43. Defendant denies the allegations contained in Paragraph 43.

44. Defendant admits that in a February 16, 2024, meeting with Phanesh Janapareddi and Elaine Yang, Plaintiff mentioned that both Jim and Roger achieved Diamond Club. Defendant denies the remaining allegations contained in Paragraph 44.

45. Defendant denies the allegations contained in Paragraph 45.

46. Defendant admits that Elaine Yang agreed to continue discussing Plaintiff's management-related concerns. Defendant denies the remaining allegations contained in Paragraph 46.

47. Defendant denies the allegations contained in Paragraph 47.

48. Defendant admits that Phanesh Janapareddi and Elaine Yang worked together to develop a mediation process to improve Plaintiff's working relationships. Defendant denies the remaining allegations contained in Paragraph 48.

49. Defendant denies the allegations contained in Paragraph 49.

50. Paragraph 50 contains Plaintiff's characterization of her feelings and not allegations of fact for which a response is required. To the extent a response to Paragraph 50 is required, Defendant denies the allegations in Paragraph 50.

51. Defendant denies the allegations contained in Paragraph 51.

52. Defendant denies the allegations contained in Paragraph 52.

53. Defendant denies the allegations contained in Paragraph 53.

54. Defendant denies the allegations contained in Paragraph 54.

55. Defendant admits the allegations contained in Paragraph 55.

56.    Defendant denies the allegations contained in Paragraph 56.

57.    Defendant denies the allegations contained in Paragraph 57.

58.    Defendant denies the allegations contained in Paragraph 58.

59.    Defendant denies the allegations contained in Paragraph 59.

60.    Paragraph 60 contains Plaintiff's characterization of her mother's health to which Defendant cannot admit or deny. To the extent a response is required, Defendant denies the remaining allegations contained in Paragraph 60.

61.    Defendant lacks information or knowledge sufficient to form a belief as to whether Plaintiff traveled in India to be with her family. Defendant denies the remaining allegations contained in Paragraph 61.

62.    Paragraph 62 contains Plaintiff's characterization of her mother's health to which Defendant cannot admit or deny. To the extent a response to the remaining allegations of Paragraph 62 is required, Defendant denies the remaining allegations contained in Paragraph 62.

63.    Defendant lacks information or knowledge sufficient to form a belief as to whether Plaintiff traveled back to India from May 1 to May 5, 2024. Defendant denies the remaining allegation contained in Paragraph 63.

64.    Paragraph 64 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations contained in Paragraph 64.

65.    Defendant denies the allegations contained in Paragraph 65.

66.    Defendant denies the allegations contained in Paragraph 66.

67.    Defendant denies the allegations contained in Paragraph 67.

68.    Defendant admits that Plaintiff's last working day was June 18, 2024, and her termination date was July 3, 2024. Defendant denies the remaining allegations contained in Paragraph 68.

69.    Defendant denies the allegations contained in Paragraph 69.

70.    Defendant admits that Plaintiff exceeded her sales quota for fiscal years 2022 and 2023. Defendant denies the remaining allegations contained in Paragraph 70.

71.    Paragraph 71 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 71.

72.    Defendant denies the allegations contained in Paragraph 72.

73.    Paragraph 73 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 73.

74.    Defendant denies the allegations contained in Paragraph 74.

75.    Paragraph 75 contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Plaintiff's employment was terminated based on her lack of suitability to continue in the role. Defendant denies the remaining allegations contained in Paragraph 75.

76.    Paragraph 76 of Plaintiff's Complaint reflects Plaintiff's characterization of her claims and not allegations of fact for which a response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 76.

77.    Paragraph 77 of Plaintiff's Complaint reflects Plaintiff's characterization of her claims and not allegations of fact for which a response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 77.

78.    Paragraph 78 contains legal conclusions and Plaintiff's characterization of her own experiences to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 78.

79.    Paragraph 79 contains legal conclusions and Plaintiff's characterization of her own experiences to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 79.

80.    Defendant denies the allegations contained in Paragraph 80.

81.    Defendant denies the allegations contained in Paragraph 81.

82.    Defendant denies the allegations contained in Paragraph 82.

83.    Paragraph 83 contains legal conclusions and Plaintiff's characterization of her own experiences to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 83.

84.    Paragraph 84 contains Plaintiff's characterization of the semiconductor technology sales industry and not allegations of fact for which a response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 84.

85.    Paragraph 85 contains Plaintiff's characterization of the semiconductor technology sales industry and not allegations of fact for which a response is required. To the extent a response to Paragraph 85 is required, Defendant denies the allegations contained in Paragraph 85.

86.    Paragraph 86 contains Plaintiff's characterization of the semiconductor technology sales industry and not allegations of fact for which a response is required. To the extent a response to Paragraph 86 is required, Defendant denies the allegations contained in Paragraph 86.

87.    Paragraph 87 contains solely legal conclusions to which no response is required. To the extent a response to Paragraph 87 is required, Defendant denies the allegations contained in Paragraph 87.

## FIRST CAUSE OF ACTION

### Sex Discrimination in Violation of Title VII of The Civil Rights Act Of 1964
### (42 U.S.C. §2000e *et seq*.)

88.    Defendant restates its previous responses to the paragraphs referenced in Paragraph 88.

89.    Paragraph 89 contains solely legal conclusions to which no response is required. To the extent a response is required, Defendant does not admit or deny the statements, conclusions, or arguments in Paragraph 89 that do not constitute allegations of fact sufficient to state a claim. Defendant denies the remaining allegations contained in Paragraph 89.

90.    Paragraph 90 contains solely legal conclusions to which no response is required. To the extent a response is required, Defendant does not admit or deny the statements, conclusions, or arguments in Paragraph 90 that do not constitute allegations of fact sufficient to state a claim. Defendant denies the remaining allegations contained in Paragraph 90.

91.    Paragraph 91 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 91 is required, Defendant denies the remaining allegations contained in Paragraph 91.

92.    Paragraph 92 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 92.

93.    Paragraph 93 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 93.

///

94. Paragraph 94 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 94.

95. Paragraph 95 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 95 is required, Defendant denies the remaining allegations contained in Paragraph 95.

96. Paragraph 96 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 96 is required, Defendant denies the remaining allegations contained in Paragraph 96.

## SECOND CAUSE OF ACTION

### Race Discrimination In Violation Of Title VII Of The Civil Rights Act Of 1964
### (42 U.S.C. §2000e *et seq.*)

97. Defendant restates its previous responses to the paragraphs referenced in Paragraph 97.

98. Paragraph 98 contains solely legal conclusions to which no response is required. To the extent a response is required, Defendant does not admit or deny the statements, conclusions, or arguments in Paragraph 98 that do not constitute allegations of fact sufficient to state a claim. Defendant denies the remaining allegations contained in Paragraph 98.

99. Paragraph 99 contains solely legal conclusions to which no response is required. To the extent a response is required, Defendant does not admit or deny the statements, conclusions, or arguments in Paragraph 99 that do not constitute allegations of fact sufficient to state a claim. Defendant denies the remaining allegations contained in Paragraph 99.

100. Paragraph 100 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 100 is required, Defendant denies the remaining allegations contained in Paragraph 100.

101. Paragraph 101 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 101.

102. Defendant denies the allegations contained in Paragraph 102.

103. Paragraph 103 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 103.

104.    Paragraph 104 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 104 is required, Defendant denies the remaining allegations contained in Paragraph 104.

105.    Paragraph 105 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 105 is required, Defendant denies the remaining allegations contained in Paragraph 105.

## **THIRD CAUSE OF ACTION**

### **Sex And Race Harassment In Violation Of Title VII Of The Civil Rights Act Of 1964**
### **(42 U.S.C. §2000e *et seq.*)**

106.    Defendant restates its previous responses to the paragraphs referenced in Paragraph 106.

107.    Paragraph 107 contains solely legal conclusions to which no response is required. To the extent a response is required, Defendant does not admit or deny the statements, conclusions, or arguments in Paragraph 107 that do not constitute allegations of fact sufficient to state a claim. Defendant denies the remaining allegations contained in Paragraph 107.

108.    Paragraph 108 contains solely legal conclusions to which no response is required. To the extent a response is required, Defendant does not admit or deny the statements, conclusions, or arguments in Paragraph 108 that do not constitute allegations of fact sufficient to state a claim. Defendant denies the remaining allegations contained in Paragraph 108.

109.    Paragraph 109 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 109.

110.    Defendant denies the allegations contained in Paragraph 110.

111.    Paragraph 111 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 111.

112.    Paragraph 112 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 112.

113.    Defendant denies the allegations contained in Paragraph 113.

114.    Paragraph 114 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 114.

115.    Paragraph 115 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 115.

116.    Paragraph 116 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 116.

117.    Paragraph 117 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 117 is required, Defendant denies the remaining allegations contained in Paragraph 117.

118.    Paragraph 118 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 118 is required, Defendant denies the remaining allegations contained in Paragraph 118.

## FOURTH CAUSE OF ACTION

### Retaliation in Violation of Title VII of The Civil Rights Act Of 1964
### (42 U.S.C. §2000e *et seq*.)

119.    Defendant restates its previous responses to the paragraphs referenced in Paragraph 119.

120.    Paragraph 120 contains solely legal conclusions to which no response is required. To the extent a response is required, Defendant does not admit or deny the statements, conclusions, or arguments in Paragraph 120 that do not constitute allegations of fact sufficient to state a claim. Defendant denies the remaining allegations contained in Paragraph 120.

121.    Paragraph 121 contains solely legal conclusions to which no response is required. To the extent a response is required, Defendant does not admit or deny the statements, conclusions, or arguments in Paragraph 121 that do not constitute allegations of fact sufficient to state a claim. Defendant denies the remaining allegations contained in Paragraph 121.

122.    Paragraph 122 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 122 is required, Defendant denies the remaining allegations contained in Paragraph 122.

123.    Paragraph 123 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 123.

124.    Paragraph 124 contains legal conclusions to which no response is required. To the extent a

response is required, Defendant admits that the TEL account was removed from Plaintiff's portfolio in or around December 2023, Plaintiff's last working day was on June 18, 2024, and Plaintiff's employment terminated on July 3, 2024. Defendant denies the remaining allegations contained in Paragraph 124.

125.    Paragraph 125 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 25 is required, Defendant denies the remaining allegations contained in Paragraph 125.

126.    Defendant denies the allegations contained in Paragraph 126.

127.    Paragraph 127 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 127 is required, Defendant denies the remaining allegations contained in Paragraph 127.

128.    Paragraph 128 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 128 is required, Defendant denies the remaining allegations contained in Paragraph 128.

## FIFTH CAUSE OF ACTION

### Race Discrimination (42 U.S.C. § 1981)

129.    Defendant restates its previous responses to the paragraphs referenced in Paragraph 129.

130.    Paragraph 130 contains legal conclusions and Plaintiff's characterization of her own rights and not allegations of fact for which a response is required. To the extent a response is required, Defendant does not admit or deny the statements, conclusions, or arguments contained in Paragraph 130. Defendant denies the remaining allegations contained in Paragraph 130.

131.    Paragraph 131 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 131.

132.    Paragraph 132 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 132.

133.    Paragraph 133 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 133.

134.    Paragraph 134 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 134 is required, Defendant denies the remaining

allegations contained in Paragraph 134.

135.    Paragraph 135 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 135 is required, Defendant denies the remaining allegations contained in Paragraph 135.

## SIXTH CAUSE OF ACTION

### Sex Discrimination in Violation of The California Fair Employment And Housing Act
(Cal. Gov't Code § 12940(a))

136.    Defendant restates its previous responses to the paragraphs referenced in Paragraph 136.

137.    Paragraph 137 contains solely legal conclusions to which no response is required. To the extent a response is required, Defendant does not admit or deny the statements, conclusions, or arguments in Paragraph 137 that do not constitute allegations of fact sufficient to state a claim. Defendant denies the remaining allegations contained in Paragraph 137.

138.    Paragraph 138 contains solely legal conclusions to which no response is required. To the extent a response is required, Defendant does not admit or deny the statements, conclusions, or arguments in Paragraph 138 that do not constitute allegations of fact sufficient to state a claim. Defendant denies the remaining allegations contained in Paragraph 138.

139.    Paragraph 139 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 139 is required, Defendant denies the remaining allegations contained in Paragraph 139.

140.    Paragraph 140 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 140.

141.    Paragraph 141 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 141 is required, Defendant denies the remaining allegations contained in Paragraph 141.

142.    Paragraph 142 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 142 is required, Defendant denies the remaining allegations contained in Paragraph 142.

///

## SEVENTH CAUSE OF ACTION

**Race Discrimination in Violation of The California Fair Employment And Housing Act
(Cal. Gov't Code § 12940(a))**

143.    Defendant restates its previous responses to the paragraphs referenced in Paragraph 143.

144.    Paragraph 144 contains solely legal conclusions to which no response is required. To the extent a response is required, Defendant does not admit or deny the statements, conclusions, or arguments in Paragraph 144 that do not constitute allegations of fact sufficient to state a claim. Defendant denies the remaining allegations contained in Paragraph 144.

145.    Paragraph 145 contains solely legal conclusions to which no response is required. To the extent a response is required, Defendant does not admit or deny the statements, conclusions, or arguments in Paragraph 145 that do not constitute allegations of fact sufficient to state a claim. Defendant denies the remaining allegations contained in Paragraph 145.

146.    Paragraph 146 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 146 is required, Defendant denies the remaining allegations contained in Paragraph 146.

147.    Paragraph 147 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 147.

148.    Paragraph 148 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 148 is required, Defendant denies the remaining allegations contained in Paragraph 148.

149.    Paragraph 149 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 149 is required, Defendant denies the remaining allegations contained in Paragraph 149.

## EIGHTH CAUSE OF ACTION

**Sex And Race Harassment in Violation of The California Fair Employment And Housing Act
(Cal. Gov't Code § 12940(j))**

150.    Defendant restates its previous responses to the paragraphs referenced in Paragraph 150.

151.    Paragraph 151 contains solely legal conclusions to which no response is required. To the

extent a response is required, Defendant does not admit or deny the statements, conclusions, or arguments in Paragraph 151 that do not constitute allegations of fact sufficient to state a claim. Defendant denies the remaining allegations contained in Paragraph 151.

152.    Paragraph 152 contains solely legal conclusions to which no response is required. To the extent a response is required, Defendant does not admit or deny the statements, conclusions, or arguments in Paragraph 152 that do not constitute allegations of fact sufficient to state a claim. Defendant denies the remaining allegations contained in Paragraph 152.

153.    Paragraph 153 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 153 is required, Defendant denies the remaining allegations contained in Paragraph 153.

154.    Paragraph 154 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 154 is required, Defendant denies the remaining allegations contained in Paragraph 154.

155.    Paragraph 155 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 155.

156.    Paragraph 156 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 156 is required, Defendant denies the remaining allegations contained in Paragraph 156.

## NINTH CAUSE OF ACTION

### Retaliation in Violation of The California Fair Employment And Housing Act
### (Cal. Gov't Code § 12940(h))

157.    Defendant restates its previous responses to the paragraphs referenced in Paragraph 157.

158.    Paragraph 158 contains solely legal conclusions to which no response is required. To the extent a response is required, Defendant does not admit or deny the statements, conclusions, or arguments in Paragraph 158 that do not constitute allegations of fact sufficient to state a claim. Defendant denies the remaining allegations contained in Paragraph 158.

159.    Paragraph 159 contains solely legal conclusions to which no response is required. To the extent a response is required, Defendant does not admit or deny the statements, conclusions, or arguments

in Paragraph 159 that do not constitute allegations of fact sufficient to state a claim. Defendant denies the remaining allegations contained in Paragraph 159.

160.    Paragraph 160 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 160 is required, Defendant denies the remaining allegations contained in Paragraph 160.

161.    Paragraph 161 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 161.

162.    Paragraph 162 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 162.

163.    Paragraph 163 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 163 is required, Defendant denies the remaining allegations contained in Paragraph 163.

164.    Paragraph 164 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 164 is required, Defendant denies the remaining allegations contained in Paragraph 164.

165.    Paragraph 165 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 165 is required, Defendant denies the remaining allegations contained in Paragraph 165.

## TENTH CAUSE OF ACTION

### Failure to Prevent Discrimination, Harassment, And Retaliation in Violation of The California Fair Employment and Housing Act (Cal. Gov't Code § 12940(k))

166.    Defendant restates its previous responses to the paragraphs referenced in Paragraph 166.

167.    Paragraph 167 contains solely legal conclusions to which no response is required. To the extent a response is required, Defendant does not admit or deny the statements, conclusions, or arguments in Paragraph 167 that do not constitute allegations of fact sufficient to state a claim. Defendant denies the remaining allegations contained in Paragraph 167.

168.    Paragraph 168 contains solely legal conclusions to which no response is required. To the extent a response is required, Defendant does not admit or deny the statements, conclusions, or arguments

in Paragraph 168 that do not constitute allegations of fact sufficient to state a claim. Defendant denies the remaining allegations contained in Paragraph 168.

169.    Paragraph 169 contains solely legal conclusions to which no response is required. To the extent a response is required, Defendant does not admit or deny the statements, conclusions, or arguments in Paragraph 169 that do not constitute allegations of fact sufficient to state a claim. Defendant denies the remaining allegations contained in Paragraph 169.

170.    Paragraph 170 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 170 is required, Defendant denies the remaining allegations contained in Paragraph 170.

171.    Paragraph 171 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 171.

172.    Paragraph 172 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 172.

173.    Paragraph 173 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 173.

174.    Paragraph 174 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 174.

175.    Paragraph 175 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 175 is required, Defendant denies the remaining allegations contained in Paragraph 175.

## ELEVENTH CAUSE OF ACTION

### Retaliation in Violation of The California Family Rights Act
### (Cal. Gov't Code § 12940(a))

176.    Defendant restates its previous responses to the paragraphs referenced in Paragraph 176.

177.    Paragraph 177 contains solely legal conclusions to which no response is required. To the extent a response is required, Defendant does not admit or deny the statements, conclusions, or arguments in Paragraph 177 that do not constitute allegations of fact sufficient to state a claim. Defendant denies the remaining allegations contained in Paragraph 177.

178.    Paragraph 178 contains solely legal conclusions to which no response is required. To the extent a response is required, Defendant does not admit or deny the statements, conclusions, or arguments in Paragraph 178 that do not constitute allegations of fact sufficient to state a claim. Defendant denies the remaining allegations contained in Paragraph 178.

179.    Paragraph 179 contains solely legal conclusions to which no response is required. To the extent a response is required, Defendant does not admit or deny the statements, conclusions, or arguments in Paragraph 179 that do not constitute allegations of fact sufficient to state a claim. Defendant denies the remaining allegations contained in Paragraph 179.

180.    Paragraph 180 contains solely legal conclusions to which no response is required. To the extent a response is required, Defendant does not admit or deny the statements, conclusions, or arguments in Paragraph 180 that do not constitute allegations of facts sufficient to state a claim. Defendant denies the remaining allegations contained in Paragraph 180.

181.    Paragraph 181 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 181 is required, Defendant denies the remaining allegations contained in Paragraph 181.

182.    Defendant denies the allegations contained in Paragraph 182.

183.    Defendant denies the allegations contained in Paragraph 183.

184.    Defendant admits that Plaintiff's employment terminated on July 3, 2024. Defendant denies the remaining allegations contained in Paragraph 184.

185.    Paragraph 185 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 185.

186.    Paragraph 186 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 186 is required, Defendant denies the remaining allegations contained in Paragraph 186.

187.    Paragraph 187 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 187 is required, Defendant denies the remaining allegations contained in Paragraph 187.

///

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

188.    Paragraph 188 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 188 is required, Defendant denies the remaining allegations contained in Paragraph 188.

## ANSWER TO PLAINTIFF'S PRAYER FOR RELIEF

Defendant denies the allegations contained in the Prayer for Relief section of the Complaint and each paragraph and subparagraph contained therein. Defendant denies Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

## (Arbitration)

1.    The claims set forth in Plaintiff's Complaint are subject to binding, contractual arbitration agreements. Defendant expressly reserves the right to bring a motion to compel the Plaintiff's Complaint, and/or the claims of any of the Plaintiff asserted in Plaintiff's Complaint, to binding arbitration pursuant to arbitration agreements executed by Plaintiff. Accordingly, Defendant's rights to compel arbitration and to oppose class certification based on such arbitration agreements are hereby reserved.

## SECOND AFFIRMATIVE DEFENSE

## (Statute of Limitations)

2.    Plaintiff's Complaint, and each and every cause of action therein, is barred by the applicable statute of limitations, including, but not limited to, California Government Code sections 12960 and 12965 and Code of Civil Procedure section 338.

## THIRD AFFIRMATIVE DEFENSE

## (Estoppel)

3.    Plaintiff is estopped by her conduct from recovering any relief sought in Plaintiff's Complaint, or in any purported cause of action alleged therein.

## FOURTH AFFIRMATIVE DEFENSE

## (Waiver)

4.    By her conduct, Plaintiff has waived any right to recover any relief sought in Plaintiff's Complaint, or in any purported cause of action alleged therein.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

5.      Plaintiff's claims are barred by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Laches)

6.      Plaintiff is guilty of undue delay in filing and prosecuting this suit, and accordingly, this action is barred by laches.

## SEVENTH AFFIRMATIVE DEFENSE

### (Res Judicata & Collateral Estoppel)

7.      Plaintiff's claims are barred under the doctrine of collateral estoppel and res judicata.

## EIGHTH AFFIRMATIVE DEFENSE

### (Constitutional Bar of Excessive Fines)

8.      Plaintiff's claims are barred by the "excessive fines" clauses of the Eighth Amendment to the United States Constitution and Article I, Section 17 of the California Constitution.

## NINTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

9.      Plaintiff's allegations are barred as a matter of law because Plaintiff lacks standing.

## TENTH AFFIRMATIVE DEFENSE

### (Setoff, and Accord & Satisfaction)

10.     Plaintiff's claims are barred in whole or in part by payment, setoff, and/or accord and satisfaction.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Constitutional Limits on Punitive Damages)

11.     Plaintiff is not entitled to recover punitive or exemplary damages from Defendant on the grounds that any award of punitive or exemplary damages would violate Defendant's constitutional rights under the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

///

///

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

12.     Plaintiff failed to exercise reasonable care to mitigate her damages by actively searching for comparable employment, and that her right to recover against Defendants should be reduced or eliminated by such failure.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Basis for Attorney's Fees)

13.     Plaintiff has not stated a valid claim for attorney's fees, and even if she could, such claim is barred, by among other laws, the federal and California constitutions, including but not limited to provisions requiring due process and prohibiting excessive fines.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

14.     Plaintiff's Complaint, and the purported causes of action therein alleged, fails to state facts sufficient to constitute a claim against Defendants upon which relief can be granted.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law Bars Equitable Relief)

15.     To the extent that Plaintiff seeks equitable relief, such claims are barred because Plaintiff has an adequate and complete remedy at law under the Fair Employment and Housing Act, Government Code sections 12940 *et seq*.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Basis for Economic Damages)

16.     Plaintiff's Complaint, and each and every purported cause of action therein alleged, or some of them, fails to state facts sufficient to justify an award of non-economic damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

17.     Plaintiff's Complaint, to each cause of action contained therein, assuming that any part of this action properly arises under the California Fair Employment and Housing Act (the "FEHA"), the action cannot be maintained to the extent that it relies on alleged FEHA claims, which were not made the subject

of a timely charge filed with the California Department of Fair Employment and Housing/Civil Rights Division, or to the extent Plaintiff has otherwise failed to fulfill the statutory prerequisites to suit set forth in the FEHA.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Good Faith Conduct)

18.     Defendant and its agents acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by them at the times that they acted. Accordingly, Plaintiff's claims are barred, in whole or in part, from any recovery in this action.

**WHEREFORE**, this answering Defendant prays as follows:

1.  That Plaintiff take nothing by their Complaint for damages, including injunctive relief;

2.  That Plaintiff's Complaint be dismissed in its entirety with prejudice;

3.  That Defendant recover its costs of suit, including its reasonable attorneys' fees; and

4.  For such other and further relief as the Court deems just and proper.

DATED:  February 9, 2026                          GREENBERG TRAURIG, LLP


                                               By:  _____/s/ Lindsay Hutner_____
                                                       Ron Holland
                                                       Lindsay Hutner

                                               Attorneys for Defendant SYNOPSYS, INC.