Ronald Holland (SBN CA 148687)
Lindsay Hutner (SBN CA 238998)
GREENBERG TRAURIG, LLP
101 Second Street, Suite 2200
San Francisco, California 94105-3668
Telephone: 415.655.1300
Facsimile: 415.707.2010
Ron.Holland@gtlaw.com
Lindsay.Hutner@gtlaw.com

Attorneys for Defendant
SYNOPSYS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHRUTI MANGALMURTI,<br><br>    Plaintiff,<br><br>v.<br><br>SYNOPSYS, INC.,<br><br>    Defendant. | CASE NO. 5:25-cv-10694-SVK<br><br>**DECLARATION OF LINDSAY HUTNER IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY CASE PENDING ARBITRATION**<br><br>Date:   September 29, 2026<br>Time:   10:00 a.m.<br>Dept:   Courtroom 6 – 4th Floor<br><br><br>Action Filed:  December 15, 2025<br>Judge: Hon. Susan van Keulen |

DECLARATION OF LINDSAY HUTNER IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION

**DECLARATION OF LINDSAY HUTNER**

I, Lindsay Hutner, declare as follows:

1.      I am an attorney at law duly licensed and admitted to practice before this Court. I am a Shareholder at the law firm of Greenberg Traurig, LLP, counsel of record for Synopsys Inc. ("Defendant") in connection with the lawsuit entitled *Shruti Mangalmurti v. Synopsys Inc.*, United States District Court for the Northern District of California, Case No. 5:25-cv-10694-SVK. I submit this declaration in support of Defendant's Motion to Compel Arbitration.

2.      On December 15, 2025, Plaintiff Shruti Mangalmurti ("Plaintiff") filed her Complaint asserting eleven (11) causes of action for: (1) sex discrimination in violation of 42 U.S.C. section 2000e et seq.; (2) race discrimination in violation of 42 U.S.C. section 2000e et seq.; (3) sex and race harassment in violation of 42 U.S.C. section 2000e et seq.; (4) retaliation in violation of 42 U.S.C. section 2000e et seq.; (5) race discrimination in violation of 42 U.S.C. section 1981; (6) sex discrimination in violation of California Government Code section 12940(a); (7) race discrimination in violation of California Government Code section 12940(a); (8) sex and race harassment in violation of California Government Code section 12940(j); (9) retaliation in violation of California Government Code section 12940(h); (10) failure to prevent discrimination, harassment and retaliation in violation of California Government Code section 12940(k); and (11) retaliation in violation of California Government Code section 12945.7. A true and correct copy of the Complaint is attached hereto as **Exhibit 1.**

3.      On December 18, 2025, Plaintiff served Defendant with a copy of Plaintiff's Complaint.

4.      On December 23, 2025, the Parties stipulated to extend Defendant's responsive pleading deadline to February 9, 2026.

5.      On February 9, 2026, Defendant timely answered Plaintiff's Complaint. A true and correct copy of Defendant's Answer is attached hereto as **Exhibit 2**.

6.      In an effort to avoid burdening this Court with Defendant's Motion to Compel, on or around June 26, 2026 at 9:00 a.m. I spoke with Plaintiff's counsel Danny Brome via telephone reminding him that Plaintiff signed an arbitration agreement and requested to know whether his client would agree to stipulate to attend arbitration. On this day, Plaintiff declined to stipulate.

DECLARATION OF LINDSAY HUTNER IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION

7.    The Parties have not held depositions, participated in informal discovery conferences, nor filed any substantive motions.

8.    Further, this Court has not considered any issue relating to the merits of Plaintiff's claims or decided any procedural questions of significance.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 17, 2026 in San Francisco, California.


By _____
Lindsay Hutner

DECLARATION OF LINDSAY HUTNER IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION

# Exhibit 1



**Computershare Entity Solutions, Inc.**
100 Beard Sawmill Road, Shelton, CT 06484

December 19, 2025

Synopsys, Inc.
Shanee Nelson
Synopsys, Inc.
675 Almanor Ave
Sunnyvale CA 94085

# SERVICE OF PROCESS NOTICE

Item: 2025-19

The following is a courtesy summary of the enclosed document(s).   **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard.

| | | |
|---|---|---|
| 1. | **Entity Served:** | Synopsys, Inc. |
| 2. | **Title of Action:** | Shruti Mangalmurti vs. Synopsys, Inc. |
| 3. | **Document(s) Served:** | Summons in a Civil Action<br>Complaint and Demand for Jury Trial<br>Email Communication<br>Order Setting Initial Case Management Conference and ADR Deadlines |
| 4. | **Court/Agency:** | United States District Court for the Northern District of California |
| 5. | **State Served:** | California |
| 6. | **Case Number:** | 5:25-cv-10694-SVK |
| 7. | **Case Type:** | Discrimination/Harassment |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Thursday 12/18/2025 |
| 10. | **Date to Client:** | Friday 12/19/2025 |
| 11. | **# Days When Answer Due:**<br>**Answer Due Date:** | 21<br>Thursday 01/08/2026    <u>CAUTION:</u> Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | Daniel Brome, Esq<br>Oakland, CA<br>510-444-4400 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 051 |
| 16. | **Notes:** | Also Attached:<br>*Consent or Declination to Magistrate Judge Jurisdiction<br>*Contents of Joint Case Management Statement, etc |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At ComputerShare, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by United Agent Group Inc.

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of California

| | |
|---|---|
| SHRUTI MANGALMURTI<br><br>————————————<br>*Plaintiff(s)*<br>v.<br>SYNOPSYS, INC.<br><br>————————————<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.  5:25-cv-10694-SVK

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  SYNOPSYS, INC.
UNITED AGENT GROUP INC.
7801 Folsom Boulevard, #202
Sacramento, CA 95826

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Hunter Pyle
Daniel Brome
Hunter Pyle Law, PC
505 14th Street, Suite 600
Oakland, CA 94612

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT
Mark B. Busby

Date:        12/17/2025

Signature of Clerk or Deputy Clerk

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.  5:25-cv-10694-SVK

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                       *Server's signature*

                                 _____
                                       *Printed name and title*

                                 _____
                                       *Server's address*

Additional information regarding attempted service, etc:

HUNTER PYLE, SBN 191125
DANIEL BROME, SBN 278915
HUNTER PYLE LAW, PC
505 14th Street, Suite 600
Oakland, California 94612
Telephone: (510) 444-4400
Facsimile:  (510) 444-4410
Emails: hunter@hunterpylelaw.com;
           dbrome@hunterpylelaw.com


AUSTIN KAPLAN, TX BAR NO. *24072176
THE KAPLAN LAW FIRM, PLLC
2901 Bee Cave Rd., Suite G
Austin, TX 78746
Telephone: (512) 843-5572
Facsimile: (512) 692-2788
Email: akaplan@kaplanlawtx.com

*Pro hac vice application forthcoming

Attorneys for Plaintiff SHRUTI MANGALMURTI

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHRUTI MANGALMURTI,<br><br>    Plaintiff,<br><br>    vs.<br><br>SYNOPSYS, INC.<br><br>    Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>1. **SEX DISCRIMINATION (42 U.S.C. § 2000e et seq.);**<br>2. **RACE DISCRIMINATION (42 U.S.C. § 2000e et seq.);**<br>3. **SEX AND RACE HARASSMENT (42 U.S.C. § 2000e et seq.);**<br>4. **RETALIATION (42 U.S.C. § 2000e et seq.);**<br>5. **RACE DISCRIMINATION (42 U.S.C. § 1981);**<br>6. **SEX DISCRIMINATION (Cal. Gov't Code § 12940(a));**<br>7. **RACE DISCRIMINATION (FEHA, Cal. Gov't Code § 12940(a));**<br>8. **SEX AND RACE HARASSMENT (FEHA, Cal. Gov't Code § 12940(j));** |

9. **RETALIATION (FEHA, Cal. Gov't Code § 12940(h));**
10. **FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, AND RETALIATION (FEHA, Cal. Gov't Code § 12940(k)) and;**
11. **RETALIATION (Cal. Gov't Code § 12945.7).**

**DEMAND FOR JURY TRIAL**

Plaintiff SHRUTI MANGALMURTI ("Plaintiff"), by and through her attorneys, brings this Complaint against Defendant SYNOPSYS, INC. ("Defendant") and alleges as follows:

## I.   INTRODUCTION

1.   This is a civil action for damages arising from Defendant's unlawful employment discrimination, harassment, hostile work environment, and retaliation against Plaintiff based on her sex and race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and the California Fair Employment and Housing Act. Plaintiff was a high-performing Executive Account Manager who repeatedly exceeded her sales quotas, yet faced continuous harassment and discrimination from her supervisors because she is a woman of Indian descent. After Plaintiff reported the discriminatory treatment to Human Resources multiple times, Defendant retaliated against her by removing key accounts from her portfolio and ultimately terminating her employment. Defendant further retaliated against Plaintiff for exercising her rights under the California Family Rights Act by terminating her employment shortly after she took bereavement leave following her mother's death.

## II.   PARTIES

2.   Plaintiff Shruti Mangalmurti is an individual residing in the State of Texas. At all times relevant to this Complaint, Plaintiff was an employee of Defendant Synopsys, Inc.

3.   Defendant Synopsys, Inc. is a Delaware corporation with its principal place of business located at 675 Almanor Avenue, Sunnyvale, California 94085. At all times relevant to this Complaint, Defendant employed Plaintiff and has continuously employed fifteen or more employees within the State of California and within this judicial district. Defendant is an employer within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(b), 42 U.S.C. § 1981, and the California Fair Employment and Housing Act, California Government Code section 12940 et seq.

## III.   JURISDICTION AND VENUE

4.   This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 because this action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981.

1

*MANGALMURTI vs. SYNOPSYS, INC.*
**COMPLAINT AND DEMAND FOR JURY TRIAL**

5.   This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims form part of the same case or controversy as Plaintiff's federal claims.

6.   Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant conducts substantial business in this District, the events giving rise to this action occurred in this District, and Defendant is subject to personal jurisdiction in this District.

7.   Plaintiff has exhausted all applicable administrative remedies. Plaintiff timely filed charges of discrimination with the Equal Employment Opportunity Commission and the California Civil Rights Department. Plaintiff received a Right to Sue letter from the EEOC, and this action is filed within ninety days of receipt of that letter.

## IV.   FACTUAL ALLEGATIONS

**Plaintiff's Employment and Exemplary Performance**

8.   Plaintiff began working for Defendant as an Executive Account Manager in 2021. In this role, Plaintiff was responsible for managing multimillion-dollar accounts with global semiconductor customers.

9.   Throughout her employment with Defendant, Plaintiff consistently demonstrated exceptional performance in her position. She exceeded her sales quota for both fiscal year 2022 and fiscal year 2023.

10.   By mid-year of fiscal year 2024, Plaintiff had already achieved over one hundred percent of her quota and was on track to finish the year at over one hundred fifty percent of her planned targets.

11.   During her entire tenure at Synopsys, Plaintiff never received any formal disciplinary write-ups or negative performance reviews.

12.   Plaintiff's outstanding performance is further evidenced by her work on the Texas Instruments account. When Plaintiff took over the Texas Instruments account in 2022, the account had declined from multi-millions of dollars of annual spend to only two to three million dollars per year under the management of Sales Director Sanjay Mehdiratta and Executive Account Manager Roger

*MANGALMURTI vs. SYNOPSYS, INC.*
**COMPLAINT AND DEMAND FOR JURY TRIAL**

Saras. Through her skill in building credible relationships and effective communication, Plaintiff grew the Texas Instruments account to over one hundred million dollars of spend in 2023.

**Pervasive Gender and Race Discrimination**

13.   Despite her stellar performance, Plaintiff faced continuous harassment, discrimination, and disparate treatment at the hands of her Sales Director Sanjay Mehdiratta and her manager Sonia Mukherjee.

14.   Early in her career at Synopsys, Plaintiff learned that pervasive gender discrimination was perpetuated by male employees in sales management, including Mehdiratta.

15.   Mehdiratta consistently displayed harsh and condescending treatment toward female employees, particularly targeting women of Indian descent.

16.   Multiple female employees at Synopsys reported experiencing discriminatory treatment from Mehdiratta.

17.   Mehdiratta appeared to hold the viewpoint that Indian women are people who constantly need to be told what to do and how to do it. This discriminatory viewpoint was shared by many men at Synopsys.

18.   Plaintiff was subjected to multiple inappropriate comments in the workplace related to her gender and her role as a mother. Male coworkers, including Applications Engineering Director Balaji Velikandanathan and Hardware Sales Manager Naveen Naidu, made comments asking who takes care of her children when she travels for work and who makes her husband breakfast when she attends early morning meetings.

19.   These comments reflected an assumption that Plaintiff, as a woman, should be primarily responsible for domestic duties and childcare, and that her professional responsibilities were somehow inconsistent with traditional gender roles.

20.   Despite the discriminatory nature of this behavior, Mehdiratta faced no consequences due to his long tenure at Synopsys.

*MANGALMURTI vs. SYNOPSYS, INC.*
**COMPLAINT AND DEMAND FOR JURY TRIAL**

**Escalating Harassment and Hostile Work Environment**

21.    On May 8, 2023, Mehdiratta's typical condescending behavior escalated into overt aggression directed at Plaintiff. During a one-on-one meeting to discuss access rates, Mehdiratta began yelling at Plaintiff to the point that it made her fearful for her safety.

22.    Following this incident, Plaintiff immediately emailed Defendant's Human Resources department to report that Mehdiratta's reaction was "scary."

23.    After this incident, Mehdiratta's aggressive behavior became the new normal for Plaintiff's interactions with him. Over the course of the next two months, Plaintiff had multiple interactions with Mehdiratta where his behavior was unprofessional and aggressive.

24.    Plaintiff and other employees observed that Mehdiratta's aggressive behavior was primarily targeted at women employees.

25.    Mehdiratta would aggressively critique and second-guess Plaintiff's work, yet would not subject her male counterparts to the same level of scrutiny or criticism.

26.    In an effort to remedy the situation, Plaintiff participated in a conflict management meeting with Mehdiratta in June 2023. This meeting appeared to briefly improve Mehdiratta's behavior toward Plaintiff.

27.    However, shortly after the conflict management meeting, Mehdiratta set up a one-on-one meeting with Plaintiff for the purpose of lecturing her about the tone of her emails.

28.    Mehdiratta began using phrases such as "I am your boss's boss" to remind Plaintiff of her subordinate position in the company hierarchy.

**Plaintiff's First Formal Complaint to Human Resources**

29.    Concerned about Mehdiratta's unchanged discriminatory and harassing behavior, Plaintiff reported her experiences to Elaine Yang in Defendant's Human Resources department on August 21, 2023.

30.    In her report to Human Resources, Plaintiff provided a detailed timeline of Mehdiratta's behavior and expressed her concerns about the hostile work environment he had created.

*MANGALMURTI vs. SYNOPSYS, INC.*
**COMPLAINT AND DEMAND FOR JURY TRIAL**

31.   Plaintiff explicitly informed Human Resources that she feared retaliation from Mehdiratta, specifically stating that she feared he would take accounts away from her. Plaintiff wrote: "I fear he may retaliate with taking away the accounts I love working with or something else."

**Continued Harassment Despite Reporting**

32.   Despite Plaintiff's formal complaint to Human Resources, Defendant took no effective action to stop Mehdiratta's discriminatory and harassing behavior.

33.   Mehdiratta continued to second-guess Plaintiff's actions, claim that she lacked basic knowledge, and yell at her during business interactions.

34.   On a Friday evening at approximately 7:00 p.m., Mehdiratta screamed at Plaintiff during a work call.

**Plaintiff's Second Complaint and Request for Transfer**

35.   Observing no changes in Mehdiratta's behavior and no accountability from Defendant despite her prior complaint, Plaintiff reached out to Human Resources again on November 20, 2023.

36.   In this communication with Elaine Yang, Plaintiff provided an update on the deteriorating situation with Mehdiratta and requested to be moved to a different reporting chain.

37.   Plaintiff emphasized that the working environment with Mehdiratta was untenable and was causing her significant stress, anxiety, and loss of sleep.

38.   Plaintiff informed Human Resources that Mehdiratta's management style was "unhealthy for my work, my career, and my personal life."

**Gender Discrimination in Career Advancement Opportunities**

39.   In addition to the hostile work environment created by Mehdiratta's behavior, Plaintiff was also subjected to discriminatory treatment with respect to recognition, rewards, and career advancement opportunities.

40.   Of the three employees reporting to manager Sonia Mukherjee, which group consisted of Plaintiff and two male employees, only Plaintiff's male colleagues were invited to attend a Diamond Club award trip in Hawaii.

41. Plaintiff was excluded from this recognition event despite being a higher performer than both of her male colleagues.

42. Attendance at the Diamond Club event is based on quota achievement, and decisions regarding quota achievement and replanning are made by sales management.

43. Mehdiratta specifically manipulated the narrative regarding Texas Instruments quota achievement for fiscal year 2023 to ensure that it appeared Plaintiff had not met the threshold for Diamond Club attendance.

44. When Plaintiff reported this gender discrimination to Human Resources on February 16, 2024, she informed them that Defendant sent her male comparators Jim and Roger to Diamond Club while excluding her, even though she was the same or a better performer than these male colleagues.

45. Plaintiff also reported to Human Resources that Mehdiratta had failed to promote her or provide her with opportunities for advancement, while male employees with similar or lesser performance received such opportunities.

46. In an email dated February 16, 2024, Elaine Yang from Human Resources acknowledged Plaintiff's concerns, writing: "Next steps: we will continue to discuss the following concerns: whether Sanjay is retaliating, promotion to director."

47. Despite this acknowledgment from Human Resources, Defendant never followed through on its investigation of whether Mehdiratta was retaliating against Plaintiff or on addressing the issues related to her promotion to director.

**Defendant's Inadequate Response and Unfulfilled Promises**

48. In response to Plaintiff's repeated complaints of discrimination and mistreatment, Human Resources informed Plaintiff that there would be some sort of mediation process to improve the working relationship between Plaintiff, Mehdiratta, and Mukherjee, also involving Phanesh Jannapareddi (Mehdiratta's manager, who was based in California).

49. On February 16, 2024, Plaintiff expressed concern about the mediation process to Human Resources and Jannapareddi, noting that the process consisted only of Human Resources asking Plaintiff for more examples of her mistreatment rather than taking any corrective action.

*MANGALMURTI vs. SYNOPSYS, INC.*
**COMPLAINT AND DEMAND FOR JURY TRIAL**

50.     Plaintiff began to worry that because she was continuing to provide these examples of discrimination and harassment at Human Resources' and Jannapareddi's request, she would face further retaliation from Mehdiratta and Mukherjee.

51.     Despite promising a mediation process to address Plaintiff's complaints, Defendant's Human Resources department and Jannapareddi never offered any effective avenue to protect Plaintiff from ongoing discrimination and harassment.

52.     Defendant never followed through on its promise of mediation between Plaintiff and her supervisors.

**First Act of Retaliation: Removal of Key Accounts**

53.     Plaintiff's fears of retaliation, which she had explicitly expressed to Human Resources in August 2023, soon materialized.

54.     In December 2023, Mehdiratta, with the support and cooperation of Mukherjee, attempted to remove both the TEL and Tesla accounts from Plaintiff's portfolio.

55.     The TEL account was officially removed from Plaintiff's plan despite her objections.

56.     The Tesla account remained in Plaintiff's portfolio only because Tesla Strategic Account Manager Andy Biddle pushed back aggressively against its removal.

57.     Although the TEL account was removed from Plaintiff's plan, she was told to continue supporting the account, which she did.

58.     The removal of the TEL account from Plaintiff's plan constituted retaliation for her reports of discrimination and harassment, as it directly fulfilled the fear of retaliation that Plaintiff had expressed to Human Resources in August 2023.

**Plaintiff's Protected Leave**

59.     While Human Resources purported to continue its investigation of Plaintiff's complaints, Plaintiff continued to face mistreatment from Mehdiratta and Mukherjee.

60.     During this time, Plaintiff's mother's health significantly deteriorated.

61.     On April 5, 2024, Plaintiff took leave from work and traveled to India to be with her family during her mother's medical crisis. She returned to work on April 27, 2024.

62. Shortly after returning from this leave, Plaintiff's mother's condition worsened further.

63. Plaintiff traveled back to India and took bereavement leave from May 1 through May 5, 2024, following the death of her mother.

64. Plaintiff's bereavement leave was protected under the California Family Rights Act, which requires employers to provide up to five days of bereavement leave and prohibits discrimination or retaliation against employees who exercise this right.

**Retaliation Following Protected Leave**

65. When Plaintiff returned to work following her bereavement leave after her mother's death, she faced criticism from Mukherjee about not having their regular one-on-one meetings and about her purported lack of communication while she was on protected leave.

66. Despite Plaintiff's emotional state following the loss of her mother, Mehdiratta's harsh and discriminatory treatment of Plaintiff actually worsened after her return from bereavement leave.

67. While Plaintiff was dealing with the ongoing discrimination and harassment and grieving the loss of her mother, Mehdiratta, Mukherjee, and Jannapareddi were working behind the scenes to orchestrate her termination. They presented a false narrative about Plaintiff's behavior and performance to Human Resources, and built a case to have Plaintiff fired.

**Plaintiff's Unlawful Termination**

68. On June 18, 2024, approximately six weeks after Plaintiff returned from bereavement leave following her mother's death, Defendant terminated Plaintiff's employment.

69. Plaintiff's termination occurred without any prior warnings, Performance Improvement Plans, or disciplinary write-ups.

70. Plaintiff's termination occurred despite the fact that she had exceeded her sales quota for 2022 and 2023, and was on track to exceed one hundred fifty percent of her quota for 2024.

71. Plaintiff's termination occurred approximately one month after she exercised her legal right to take bereavement leave under the California Family Rights Act.

72. Plaintiff's termination occurred after she had made multiple complaints to Human Resources about gender and race discrimination, harassment, and a hostile work environment.

*MANGALMURTI vs. SYNOPSYS, INC.*
**COMPLAINT AND DEMAND FOR JURY TRIAL**

73. The temporal proximity between Plaintiff's protected complaints and her protected leave on one hand, and her termination on the other hand, demonstrates that her termination was retaliatory.

74. Instead of addressing Plaintiff's legitimate complaints of discrimination and harassment by holding Mehdiratta and Mukherjee accountable, reorganizing the reporting structure, offering Plaintiff the opportunity to transfer to a different role, or implementing the promised mediation process, Defendant terminated Plaintiff.

75. Defendant's proffered reason for terminating Plaintiff was that she was allegedly a poor communicator. This reason is pretextual.

76. The facts demonstrate that Plaintiff was an excellent communicator. The decline of the Texas Instruments account under Mehdiratta's management was due in significant part to Mehdiratta's poor communication skills and his condescending treatment of customer contacts. Key decision-makers at Texas Instruments did not want to work with Mehdiratta because of his communication style. When Plaintiff took over the account in 2022, she rebuilt the relationships and grew the account to over one hundred million dollars of spend in 2023 through her superior communication skills and ability to build credible, trusted relationships.

77. Plaintiff had to work around Mehdiratta's poor communication skills and condescending behavior in order to win business for Defendant.

78. The true reasons for Plaintiff's termination were her gender, her race, her complaints about discrimination and harassment, and her exercise of her right to take protected family and bereavement leave.

**Pattern and Practice of Retaliation**

79. The retaliation faced by Plaintiff after reporting Mehdiratta's harassment and discrimination appears to be a pattern within this group at Synopsys.

80. Upon information and belief, another sales director at Synopsys who publicly expressed negative opinions about Mehdiratta's management style was subsequently terminated by Mehdiratta after fifteen years of employment with Defendant.

9

*MANGALMURTI vs. SYNOPSYS, INC.*
**COMPLAINT AND DEMAND FOR JURY TRIAL**

81.    Upon information and belief, an administrative employee at Synopsys decided to leave the company after eight years of employment due to ongoing harassment by Mehdiratta and Mukherjee.

82.    Upon information and belief, there are many more instances of employees who faced retaliation after reporting discrimination or harassment by Mehdiratta and Mukherjee, which combined will show a pattern and practice of retaliation by Defendant.

**Damages**

83.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer significant damages, including but not limited to lost wages, lost benefits, lost future earnings, emotional distress, humiliation, anxiety, loss of sleep, and damage to her professional reputation and career prospects.

84.    Plaintiff's termination has severely impacted her ability to find comparable employment. The specialized nature of managing multimillion-dollar businesses with global semiconductor customers means that there are very limited opportunities in the industry.

85.    The semiconductor technology sales industry is highly specialized, with only a few major companies. Positions in this field are not obtained through standard interviews but can take many months or even years to fill after considering organizational needs and verifying references from former employers and customers.

86.    The circumstances of Plaintiff's termination have damaged her credibility and "rehire-ability" in the semiconductor technology sales industry. When a high-performing salesperson is suddenly terminated without explanation, potential employers in the industry often assume the person engaged in unethical conduct.

87.    Defendant's discriminatory, harassing, and retaliatory conduct was willful, intentional, malicious, and done with reckless indifference to Plaintiff's federally and state-protected rights, thereby entitling Plaintiff to punitive damages.

*MANGALMURTI vs. SYNOPSYS, INC.*
**COMPLAINT AND DEMAND FOR JURY TRIAL**

## V.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Sex Discrimination in Violation of Title VII of the Civil Rights Act of 1964**
**(42 U.S.C. § 2000e et seq.)**
**(Against Defendant)**

88.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

89.    At all times relevant to this Complaint, Defendant was an employer within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(b).

90.    At all times relevant to this Complaint, Plaintiff was an employee within the meaning of Title VII.

91.    Defendant subjected Plaintiff to unlawful sex discrimination by treating her differently than similarly situated male employees with respect to the terms and conditions of her employment, including but not limited to subjecting her to heightened scrutiny of her work, excluding her from recognition and reward opportunities such as the Diamond Club trip, denying her promotion opportunities, removing key accounts from her portfolio, and ultimately terminating her employment.

92.    Defendant subjected Plaintiff to discriminatory comments and assumptions about her responsibilities as a woman and mother, including comments about who takes care of her children when she travels and who makes her husband breakfast when she has early morning meetings.

93.    Plaintiff's male colleagues who were similarly situated or lower-performing than Plaintiff were not subjected to this discriminatory treatment and were instead rewarded with opportunities such as the Diamond Club trip and promotions.

94.    Plaintiff's sex was a motivating factor in Defendant's adverse employment actions against her.

95.    As a direct and proximate result of Defendant's unlawful sex discrimination, Plaintiff has suffered and continues to suffer damages as set forth above.

96.    Defendant's conduct was willful, intentional, and undertaken with malice or reckless indifference to Plaintiff's federally protected rights, entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant as set forth below.

*MANGALMURTI vs. SYNOPSYS, INC.*
**COMPLAINT AND DEMAND FOR JURY TRIAL**

## SECOND CAUSE OF ACTION
### Race Discrimination in Violation of Title VII of the Civil Rights Act of 1964,
### (42 U.S.C. § 2000e et seq.)
### (Against Defendant)

97. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

98. At all times relevant to this Complaint, Defendant was an employer within the meaning of Title VII.

99. At all times relevant to this Complaint, Plaintiff was an employee within the meaning of Title VII.

100. Defendant subjected Plaintiff to unlawful race discrimination by treating her differently than similarly situated employees of different races with respect to the terms and conditions of her employment.

101. Mehdiratta specifically targeted women of Indian descent, including Plaintiff, for harsh and condescending treatment based on discriminatory views about Indian women.

102. Mehdiratta appeared to hold the viewpoint that Indian women are people who constantly need to be told what to do and how to do it, and he treated Plaintiff in accordance with this discriminatory stereotype.

103. Plaintiff's race was a motivating factor in Defendant's adverse employment actions against her, including the harassment she endured, the exclusion from recognition opportunities, the removal of accounts, and her ultimate termination.

104. As a direct and proximate result of Defendant's unlawful race discrimination, Plaintiff has suffered and continues to suffer damages as set forth above.

105. Defendant's conduct was willful, intentional, and undertaken with malice or reckless indifference to Plaintiff's federally protected rights, entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant as set forth below.

## THIRD CAUSE OF ACTION
### Sex and Race Harassment in Violation of Title VII of the Civil Rights Act of 1964
### (42 U.S.C. § 2000e et seq.)
### (Against Defendant)

106. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

107. At all times relevant to this Complaint, Defendant was an employer within the meaning of Title VII.

108. At all times relevant to this Complaint, Plaintiff was an employee within the meaning of Title VII.

109. Defendant, through its supervisors and agents Mehdiratta and Mukherjee, subjected Plaintiff to severe and pervasive harassment based on her sex and race.

110. The harassment included yelling at Plaintiff to the point that she feared for her safety, making discriminatory comments about her domestic and childcare responsibilities as a woman, subjecting her to condescending treatment based on stereotypes about Indian women, constantly second-guessing her work while not doing the same to male employees, and creating an atmosphere of intimidation through statements such as "I am your boss's boss."

111. The harassment was sufficiently severe and pervasive to alter the terms and conditions of Plaintiff's employment and create an abusive working environment.

112. The harassment was unwelcome.

113. Plaintiff communicated to Defendant through its Human Resources department that the harassment was unwelcome and requested that it stop, but Defendant failed to take effective action to remedy the situation.

114. A reasonable person in Plaintiff's position would have found the work environment to be hostile and abusive.

115. The harassment was based on Plaintiff's sex and race.

116. Defendant knew or should have known about the harassment and failed to take prompt and appropriate corrective action.

117. As a direct and proximate result of Defendant's failure to prevent and remedy the hostile work environment, Plaintiff has suffered and continues to suffer damages as set forth above.

118. Defendant's conduct was willful, intentional, and undertaken with malice or reckless indifference to Plaintiff's federally protected rights, entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant as set forth below.

*MANGALMURTI vs. SYNOPSYS, INC.*
**COMPLAINT AND DEMAND FOR JURY TRIAL**

**FOURTH CAUSE OF ACTION**
**Retaliation in Violation of Title VII of the Civil Rights Act of 1964**
**(42 U.S.C. § 2000e et seq.)**
**(Against Defendant)**

119.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

120.    At all times relevant to this Complaint, Defendant was an employer within the meaning of Title VII.

121.    At all times relevant to this Complaint, Plaintiff was an employee within the meaning of Title VII.

122.    Plaintiff engaged in protected activity by complaining to Defendant's Human Resources department about sex and race discrimination, harassment, and hostile work environment on multiple occasions, including on May 8, 2023, August 21, 2023, November 20, 2023, and February 16, 2024.

123.    Defendant was aware of Plaintiff's protected activity.

124.    Following Plaintiff's protected complaints, Defendant took materially adverse actions against Plaintiff, including removing the TEL account from her portfolio in December 2023 and terminating her employment on June 18, 2024.

125.    There is a causal connection between Plaintiff's protected activity and the adverse employment actions taken against her, as demonstrated by the temporal proximity between her complaints and the adverse actions, Defendant's failure to address her complaints, and the pretextual nature of Defendant's stated reasons for the adverse actions.

126.    Plaintiff explicitly told Human Resources in August 2023 that she feared Mehdiratta would retaliate by taking accounts away from her, and this retaliation occurred in December 2023.

127.    As a direct and proximate result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages as set forth above.

128.    Defendant's conduct was willful, intentional, and undertaken with malice or reckless indifference to Plaintiff's federally protected rights, entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant as set forth below.

*MANGALMURTI vs. SYNOPSYS, INC.*
**COMPLAINT AND DEMAND FOR JURY TRIAL**

## FIFTH CAUSE OF ACTION
### Race Discrimination
### (42 U.S.C. § 1981)
### (Against Defendant)

129.   Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

130.   At all times relevant to this Complaint, Plaintiff had the right to make and enforce contracts, including her employment contract with Defendant, without discrimination based on race, as guaranteed by 42 U.S.C. § 1981.

131.   Defendant intentionally discriminated against Plaintiff on the basis of her race by subjecting her to disparate treatment, harassment, and ultimately terminating her employment based on discriminatory views about Indian women.

132.   Defendant's discriminatory conduct impaired Plaintiff's right to make and enforce her employment contract on the same basis as white employees.

133.   Defendant's discriminatory conduct was intentional.

134.   As a direct and proximate result of Defendant's violations of 42 U.S.C. § 1981, Plaintiff has suffered and continues to suffer damages as set forth above.

135.   Defendant's conduct was willful, intentional, and undertaken with malice or reckless indifference to Plaintiff's federally protected rights, entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant as set forth below.

## SIXTH CAUSE OF ACTION
### Sex Discrimination in Violation of the California Fair Employment and Housing Act
### (Cal. Gov't Code § 12940(a))
### (Against Defendant)

136.   Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

137.   At all times relevant to this Complaint, Defendant was an employer within the meaning of the California Fair Employment and Housing Act, California Government Code section 12940 et seq.

138.   At all times relevant to this Complaint, Plaintiff was an employee within the meaning of the Fair Employment and Housing Act.

15

*MANGALMURTI vs. SYNOPSYS, INC.*
**COMPLAINT AND DEMAND FOR JURY TRIAL**

139.    Defendant subjected Plaintiff to unlawful sex discrimination in violation of California Government Code section 12940(a) by treating her differently than similarly situated male employees with respect to the terms and conditions of her employment.

140.    Plaintiff's sex was a substantial motivating factor in Defendant's adverse employment actions against her, including subjecting her to heightened scrutiny, excluding her from recognition opportunities, removing accounts from her portfolio, and terminating her employment.

141.    As a direct and proximate result of Defendant's unlawful sex discrimination, Plaintiff has suffered and continues to suffer damages as set forth above, including emotional distress.

142.    Defendant's conduct was willful, intentional, malicious, fraudulent, and undertaken with oppression or reckless disregard of Plaintiff's rights, entitling Plaintiff to punitive damages under California Civil Code section 3294.

WHEREFORE, Plaintiff prays for judgment against Defendant as set forth below.

**SEVENTH CAUSE OF ACTION**
**Race Discrimination in Violation of the California Fair Employment and Housing Act**
**(Cal. Gov't Code § 12940(a))**
**(Against Defendant)**

143.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

144.    At all times relevant to this Complaint, Defendant was an employer within the meaning of the Fair Employment and Housing Act.

145.    At all times relevant to this Complaint, Plaintiff was an employee within the meaning of the Fair Employment and Housing Act.

146.    Defendant subjected Plaintiff to unlawful race discrimination in violation of California Government Code section 12940(a) by treating her differently than similarly situated employees of different races with respect to the terms and conditions of her employment.

147.    Plaintiff's race and ethnicity as a woman of Indian descent was a substantial motivating factor in Defendant's adverse employment actions against her, including the harassment and disparate treatment she endured and her ultimate termination.

148.    As a direct and proximate result of Defendant's unlawful race discrimination, Plaintiff has suffered and continues to suffer damages as set forth above, including emotional distress.

16

149. Defendant's conduct was willful, intentional, malicious, fraudulent, and undertaken with oppression or reckless disregard of Plaintiff's rights, entitling Plaintiff to punitive damages under California Civil Code section 3294.

WHEREFORE, Plaintiff prays for judgment against Defendant as set forth below.

### EIGHTH CAUSE OF ACTION
**Sex and Race Harassment in Violation of the California Fair Employment and Housing Act
(Cal. Gov't Code § 12940(j))
(Against Defendant)**

150. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

151. At all times relevant to this Complaint, Defendant was an employer within the meaning of the Fair Employment and Housing Act.

152. At all times relevant to this Complaint, Plaintiff was an employee within the meaning of the Fair Employment and Housing Act.

153. Defendant, through its supervisors and agents Mehdiratta and Mukherjee, subjected Plaintiff to severe and pervasive harassment based on her sex and race in violation of California Government Code section 12940(j).

154. The harassment was unwelcome and created a hostile work environment that interfered with Plaintiff's ability to perform her job.

155. Defendant knew or should have known about the harassment and failed to take immediate and appropriate corrective action.

156. As a direct and proximate result of Defendant's failure to prevent and remedy the harassment, Plaintiff has suffered and continues to suffer damages as set forth above, including severe emotional distress.

WHEREFORE, Plaintiff prays for judgment against Defendant as set forth below.

### NINTH CAUSE OF ACTION
**Retaliation in Violation of the California Fair Employment and Housing Act
(Cal. Gov't Code § 12940(h))
(Against Defendant)**

157. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

*MANGALMURTI vs. SYNOPSYS, INC.*
**COMPLAINT AND DEMAND FOR JURY TRIAL**

158. At all times relevant to this Complaint, Defendant was an employer within the meaning of the Fair Employment and Housing Act.

159. At all times relevant to this Complaint, Plaintiff was an employee within the meaning of the Fair Employment and Housing Act.

160. Plaintiff engaged in protected activity by opposing practices forbidden under the Fair Employment and Housing Act, specifically by complaining to Defendant's Human Resources department about sex and race discrimination, harassment, and hostile work environment.

161. Defendant was aware of Plaintiff's protected activity.

162. Following Plaintiff's protected complaints, Defendant took adverse employment actions against Plaintiff, including removing key accounts from her portfolio and terminating her employment.

163. There is a causal connection between Plaintiff's protected activity and the adverse employment actions, as demonstrated by the temporal proximity, Defendant's knowledge of her complaints, and the pretextual nature of Defendant's stated reasons for the adverse actions.

164. As a direct and proximate result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages as set forth above, including severe emotional distress.

165. Defendant's conduct was willful, intentional, malicious, fraudulent, and undertaken with oppression or reckless disregard of Plaintiff's rights, entitling Plaintiff to punitive damages under California Civil Code section 3294.

WHEREFORE, Plaintiff prays for judgment against Defendant as set forth below.

### TENTH CAUSE OF ACTION
**Failure to Prevent Discrimination, Harassment, and Retaliation in Violation of the California Fair Employment and Housing Act**
**(Cal. Gov't Code § 12940(k))**
**(Against Defendant)**

166. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

167. At all times relevant to this Complaint, Defendant was an employer within the meaning of the Fair Employment and Housing Act.

168. At all times relevant to this Complaint, Plaintiff was an employee within the meaning of the Fair Employment and Housing Act.

18

*MANGALMURTI vs. SYNOPSYS, INC.*
**COMPLAINT AND DEMAND FOR JURY TRIAL**

169. California Government Code section 12940(k) requires employers to take all reasonable steps necessary to prevent discrimination, harassment, and retaliation from occurring.

170. Defendant failed to take all reasonable steps necessary to prevent the discrimination, harassment, and retaliation that Plaintiff experienced.

171. Despite being notified of Mehdiratta's discriminatory and harassing conduct on multiple occasions beginning in May 2023, Defendant failed to take effective action to stop the misconduct or protect Plaintiff.

172. Defendant promised Plaintiff that it would conduct a mediation process to address her concerns, but failed to follow through on this promise.

173. Defendant failed to discipline Mehdiratta or Mukherjee for their discriminatory and retaliatory conduct.

174. Defendant failed to implement adequate policies, procedures, and training to prevent discrimination, harassment, and retaliation.

175. As a direct and proximate result of Defendant's failure to prevent discrimination, harassment, and retaliation, Plaintiff has suffered and continues to suffer damages as set forth above.

WHEREFORE, Plaintiff prays for judgment against Defendant as set forth below.

## ELEVENTH CAUSE OF ACTION
### Retaliation in Violation of the California Family Rights Act
### (Cal. Gov't Code § 12945.7)
### (Against Defendant)

176. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

177. At all times relevant to this Complaint, Defendant was an employer covered by the California Family Rights Act.

178. At all times relevant to this Complaint, Plaintiff was an employee covered by the California Family Rights Act.

179. The California Family Rights Act requires employers to provide eligible employees with up to five days of bereavement leave upon the death of a family member.

180. California Government Code section 12945.2 makes it unlawful for an employer to refuse to hire, discharge, demote, fine, suspend, expel, or discriminate against an individual for exercising the right to bereavement leave.

181. Following the death of her mother, Plaintiff exercised her lawful right to take bereavement leave from May 1 through May 5, 2024.

182. Defendant approved Plaintiff's bereavement leave request.

183. Upon Plaintiff's return from bereavement leave, she was subjected to criticism from her manager Mukherjee about not having one-on-one meetings and lack of communication while she was on protected leave.

184. Approximately six weeks after Plaintiff returned from bereavement leave, and approximately one month after she returned from her mother's death, Defendant terminated Plaintiff's employment.

185. The temporal proximity between Plaintiff's exercise of her right to bereavement leave and her termination demonstrates that her termination was retaliatory.

186. Defendant's termination of Plaintiff's employment constituted unlawful retaliation for exercising her rights under the California Family Rights Act.

187. As a direct and proximate result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages as set forth above.

188. Defendant's conduct was willful, intentional, malicious, fraudulent, and undertaken with oppression or reckless disregard of Plaintiff's rights, entitling Plaintiff to punitive damages under California Civil Code section 3294.

WHEREFORE, Plaintiff prays for judgment against Defendant as set forth below.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant as follows:

a. For compensatory damages in an amount to be determined at trial, including damages for lost wages, lost benefits, and lost future earnings.

b.    For damages for emotional distress, humiliation, mental anguish, and loss of enjoyment of life in an amount to be determined at trial.

c.    For front pay in lieu of reinstatement in an amount to be determined at trial.

d.    For punitive damages in an amount sufficient to punish Defendant and deter future misconduct.

e.    For pre-judgment and post-judgment interest at the maximum rate allowed by law.

f.    For reasonable attorneys' fees and costs of suit incurred in this action.

g.    For such other and further relief as this Court deems just and proper.

DATED: December 15, 2025            HUNTER PYLE LAW, PC


By: /s/ Daniel Brome
        Hunter Pyle
        Daniel Brome

Attorneys for Plaintiff Shruti Mangalmurti

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED: December 15, 2025                    HUNTER PYLE LAW, PC


By: /s/ Daniel Brome_____
    Hunter Pyle
    Daniel Brome

Attorneys for Plaintiff Shruti Mangalmurti

*MANGALMURTI vs. SYNOPSYS, INC.*
**COMPLAINT AND DEMAND FOR JURY TRIAL**

**Darlene Sanchez**

| | |
|---|---|
| **From:** | ECF-CAND@cand.uscourts.gov |
| **Sent:** | Tuesday, December 16, 2025 8:57 AM |
| **To:** | efiling@cand.uscourts.gov |
| **Subject:** | Activity in Case 5:25-cv-10694-SVK Mangalmurti v. Synopsys, Inc. Case Assigned by Intake |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

## U.S. District Court

## California Northern District

## Notice of Electronic Filing

The following transaction was entered on 12/16/2025 at 8:57 AM PST and filed on 12/16/2025
**Case Name:**      Mangalmurti v. Synopsys, Inc.
**Case Number:**      5:25-cv-10694-SVK
**Filer:**
**Document Number:** 3(No document attached)

**Docket Text:**
**Case assigned to Magistrate Judge Susan van Keulen.**

**Counsel for plaintiff or the removing party is responsible for serving the Complaint or Notice of Removal, Summons and the assigned judge's standing orders and all other new case documents upon the opposing parties. For information, visit *E-Filing A New Civil Case* at http://cand.uscourts.gov/ecf/caseopening.**

**Standing orders can be downloaded from the court's web page at www.cand.uscourts.gov/judges. Upon receipt, the summons will be issued and returned electronically. A scheduling order will be sent by Notice of Electronic Filing (NEF) within two business days. Consent/Declination due by 12/30/2025. (jnk, COURT STAFF) (Filed on 12/16/2025)**

1

**5:25-cv-10694-SVK Notice has been electronically mailed to:**

Daniel S. Brome     dbrome@hunterpylelaw.com, dsanchez@hunterpylelaw.com, service@hunterpylelaw.com

**5:25-cv-10694-SVK Please see Local Rule 5-5; Notice has NOT been electronically mailed to:**

2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| SHRUTI MANGALMURTI,<br><br>Plaintiff,<br><br>v.<br><br>SYNOPSYS, INC.,<br><br>Defendant. | Case No. 25-cv-10694-SVK<br><br>**ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES** |

This action is assigned to the Honorable Susan van Keulen.

**Service of documents.** When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order and the supplementary material specified in Civil Local Rule 4-2.

**Application of Special Discovery Protocols.** This case may be governed by Initial Discovery Protocols for Employment Cases Alleging Adverse Action described in General Order 71. Counsel and clients are directed to review General Order 71 to determine whether it applies to this case, and to comply with that General Order if applicable. If General Order 71 applies, it supersedes certain obligations set out in the schedule below.

**Magistrate Judge Jurisdiction.** This case has been randomly assigned to a magistrate judge, who, with written consent of all parties, may conduct all proceedings in a case, including all pretrial and trial proceedings, entry of judgment and post-trial motions, with appeal directly to the United States Court of Appeals for the Ninth Circuit. See "Consenting to the Jurisdiction of a Magistrate Judge" on the Court's webpage at www.cand.uscourts.gov for more information.

Plaintiff or the removing party must complete and file the attached form "Consent or Declination to Magistrate Judge Jurisdiction" within 14 days of case initiation, and all other parties must do so within 14 days of appearing in the case, or as otherwise ordered by the Clerk or magistrate judge.

**Availability of Alternative Dispute Resolution.** This action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court's ADR webpage at www.cand.uscourts.gov/adr.

**Important case management dates.** Counsel must comply with the dates listed below unless the judge otherwise orders or unless General Order 71 directs earlier deadlines.

| Case Management Event | Deadline |
|---|---|
| File Certification of Conflicts and Interested Entities or Persons. (See Civil L.R. 3-15) | Upon first appearance (and supplement as necessary) |
| Deadline to file ADR Certification. (See ADR L.R. 3) | 2/24/2026 |
| Deadline to meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan. (See F.R. Civ. P. 26(f)) | 2/24/2026 |
| Deadline to make initial disclosures. (See F.R. Civ. P. 26(a)(1)) (An earlier deadline for disclosures may be required by General Order 71.) | 3/10/2026 |
| Deadline to file Joint Case Management Statement. (See Standing Order for All Judges of the Northern District of California) | 3/10/2026 |
| Initial Case Management Conference: **To be held by Zoom. Go to cand.uscourts.gov/svk for Zoom link.** | 3/17/2026 at 9:30 AM |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHRUTI MANGALMURTI, | Case No.  <u>25-cv-10694-SVK</u> |
| Plaintiff, | |
| v. | **CONSENT OR DECLINATION TO MAGISTRATE JUDGE JURISDICTION** |
| SYNOPSYS, INC., | |
| Defendant. | |

**INSTRUCTIONS:** Please indicate below by checking **one** of the two boxes whether you (if you are the party) or the party you represent (if you are an attorney in the case) choose(s) to consent or decline to magistrate judge jurisdiction in this matter. Sign this form below your selection.

☐ **CONSENT to Magistrate Judge Jurisdiction**

In accordance with the provisions of 28 U.S.C. § 636(c), I voluntarily **consent** to have a United States magistrate judge conduct all further proceedings in this case, including trial and entry of final judgment. I understand that appeal from the judgment shall be taken directly to the United States Court of Appeals for the Ninth Circuit.

**OR**

☐ **DECLINE Magistrate Judge Jurisdiction**

In accordance with the provisions of 28 U.S.C. § 636(c), I **decline** to have a United States magistrate judge conduct all further proceedings in this case and I hereby request that this case be reassigned to a United States district judge.

DATE: _____     NAME: _____

_____
*Signature or "/s/"*

COUNSEL FOR
(OR "PRO SE"): _____

**STANDING ORDER FOR ALL JUDGES**
**OF THE NORTHERN DISTRICT OF CALIFORNIA**
**CONTENTS OF JOINT CASE MANAGEMENT STATEMENT**

All judges of the Northern District of California require identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1. Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2. Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3. Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4. Motions: All prior and pending motions, their current status, and any anticipated motions.

5. Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6. Evidence Preservation: A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. *See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

7. Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26, and a description of the disclosures made.

8. Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.

9. Class Actions: If a class action, a proposal for how and when the class will be certified, and whether all attorneys of record for the parties have reviewed the Procedural Guidance for Class Action Settlements.

10. Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. Relief: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.    <u>Settlement and ADR</u>: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.    <u>Other References</u>: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

14.    <u>Narrowing of Issues</u>: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses. The parties shall jointly identify (in bold or highlight) one to three issues which are the most consequential to the case and discuss how resolution of these issues may be expedited.

15.    <u>Scheduling</u>: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

16.    <u>Trial</u>: Whether the case will be tried to a jury or to the court and the expected length of the trial.

17.    <u>Disclosure of Non-party Interested Entities or Persons</u>: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding. In any proposed class, collective, or representative action, the required disclosure includes any person or entity that is funding the prosecution of any claim or counterclaim.

18. <u>Professional Conduct</u>: Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

19. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

**CIVIL AND DISCOVERY REFERRAL MATTERS STANDING ORDER**

**MAGISTRATE JUDGE SUSAN VAN KEULEN**

**Updated February 2025**

1. <u>LOCATION</u>

**The parties must check ECF to confirm whether any hearing will be in-person or by Zoom video link.**

- All civil discovery and motion hearings will be **in person** unless otherwise noticed by the Court in Courtroom 6, 4th Floor, San Jose Federal Courthouse.

- Initial case management conferences, status conferences, and order to show cause hearings in re settlement/dismissal will be by Zoom video link. Specific call-in/Zoom instructions will be posted on ECF no later than 48 hours in advance. General information is available in Judge van Keulen's scheduling notes on the Court website.

- Any deviation from the appearance standards above requires prior approval of the Court. The requesting party must file an administrative motion to appear by Zoom video link or telephonic link at least 5 days before the hearing. If the request is granted, specific call-in/Zoom instructions will be posted on ECF no later than 48 hours in advance.

2. <u>SCHEDULING</u>

Civil case management conferences are held on Tuesdays at 9:30 a.m.

Civil motions are heard on Tuesdays at 10:00 a.m.

Civil pretrial conferences are held on Thursdays at 9:30 a.m.

Parties are not required to reserve a hearing date but should confirm the Court's availability at cand.uscourts.gov. Hearings and motions may be reset by the Court as its calendar requires. For questions regarding scheduling, please contact the Courtroom Deputy at svkcrd@cand.uscourts.gov or (408) 535-5363.

3. <u>COMMUNICATION WITH THE COURT</u>

Any requests for Court action must be filed on the docket. Parties must refrain from contacting the Courtroom Deputy by email or telephone unless (1) required to do so by one of the Court's standing orders; (2) instructed to do so by the Court; or (3) necessary to inform the Court about a time-sensitive matter. Contact with the Courtroom Deputy must be limited to purely administrative matters, such as scheduling and general case management. Parties are not to communicate with the Courtroom Deputy regarding substantive or procedural issues, such as requests for legal advice or for interpretation of procedural rules.

1

4.    **CASES INITIALLY ASSIGNED TO JUDGE VAN KEULEN: CONSENT OR DECLINATION**

In civil cases initially assigned to Judge van Keulen for all purposes, each party must file written consent to the jurisdiction of a magistrate judge or a written request for reassignment to a district judge as soon as possible but no later than the deadlines specified in Civil Local Rule 73-1(a). **If a party files a dispositive motion (such as a motion to dismiss or a motion for remand), the moving party must file the consent or declination simultaneously with the motion.**

5.    **CASE MANAGEMENT CONFERENCE STATEMENTS**

In civil cases assigned to Judge van Keulen for all purposes, all joint case management statements are due one week before the case management conference. Joint case management statements must include as the first item the case schedule, if it has been set, as well as all information required under the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement.

6.    **MOTIONS AND STIPULATIONS**

   a.  **PROPOSED ORDERS AND STIPULATIONS**

All stipulations and proposed orders are to be emailed in Word format to svkcrd@cand.uscourts.gov on the same day as the documents are e-filed.

   b.  **MOTIONS TO SEAL**

Motions to seal shall be filed in accordance with Civil Local Rule 79-5. When submitting a proposed order pursuant to Civil Local Rule 79-5(c)(3), the table format included in the order shall comply with the below format:

| Document | Text to be Sealed | Basis for Sealing |
|---|---|---|
|  | [redacted portions to be identified by page and line number] |  |

   c.  **POST-ANSWER DISPOSITIVE MOTIONS**

Unless otherwise permitted by the Court, only one Motion for Summary Judgment, Partial Summary Judgment, or Summary Adjudication may be filed by each party.

   d.  **MOTIONS TO STRIKE AFFIRMATIVE DEFENSES**

Motions to strike affirmative defenses may not be filed without leave of Court. Leave of Court may be sought by a motion for administrative relief pursuant to Civil Local Rule 7-11.

2

e. **FORMAT OF MOTIONS:**

i. **USE OF FOOTNOTES**

Use of footnotes in Court filings is to be limited to providing points of clarification or cross-references. Argument in footnotes will not be considered by the Court. The form of footnotes must comply with Civil Local Rule 3-4(c)(2). The Court may strike any filing that includes excessive or improper footnotes.

ii. **EXHIBITS**

The cover page of any exhibit submitted in connection with briefing on a motion must include the exhibit number and the title or brief description of the exhibit (e.g., "Ex. 1 – 1/1/2023 email from Joe Smith to Nancy Jones").

f. **HEARING MATERIALS**

Any party who distributes materials at the hearing on any matter must supply the Court with two color copies of those materials at the hearing and all other parties with at least one copy. Unless the Court orders otherwise, all materials are to be filed promptly following the hearing.

7. **DISCOVERY**

a. **PROTECTIVE ORDERS**

All proposed discovery protective orders in cases in which Judge van Keulen is the assigned discovery referral judge and in cases that are assigned to Judge van Keulen for all purposes through consent of the parties shall be submitted for Judge van Keulen's signature in text- searchable PDF format. **If the submitting party or parties have used one of this District's model protective orders as the basis for their proposed protective order, their submission of the proposed protective order must be accompanied by either: (1) a redline version indicating any changes from the model order or (2) a statement in the caption or a cover pleading that the parties have not made any changes from the model order.**

b. **DISCOVERY DISPUTES**

Discovery disputes in cases in which Judge van Keulen is the assigned discovery referral judge and in cases that are assigned to Judge van Keulen for all purposes through consent of the parties shall follow the same procedures set forth below:

- For all discovery disputes, the parties must meet and confer to attempt to resolve the dispute. The meet and confer must be in person or by videoconference. *A mere exchange of letters, emails, telephone calls, or voicemail messages does not satisfy the requirement to meet and confer.*

3

- If the parties are unable to reach a resolution, they must file a joint statement not to exceed 10 pages, exclusive of the caption page, double-spaced with 12-point font and in text-searchable PDF format. Footnotes, if any, must comply with section 6(e)(i) above.

- In the opening paragraph, the joint statement must: (1) state the number of days remaining before the close of fact discovery and/or days until trial; (2) briefly describe each unresolved issue without undue argument; and (3) set forth each party's proposed compromise with respect to each unresolved issue.

- In addition, when specific discovery requests are disputed, the parties **must include as an exhibit a joint chart** that sets forth in columns the disputed request, the response thereto, the parties' respective proposed compromises, and a blank column for the Court's use.

- The joint statement must also include each party's proposed order as an exhibit.

- Absent prior leave of Court, the only additional exhibit(s) permitted to the joint statement are a copy of the specific discovery request(s) at issue and the response(s) to it (e.g., requests for production, interrogatories, privilege log, nonparty subpoena, deposition excerpts, initial disclosures, contentions, etc.)

- The joint statement must be filed in ECF under the Civil Events category of Motions and Related Filings > Motions: General > Discovery Letter Brief.

- Word versions of the joint chart exhibit and each party's proposed order must also be emailed to svkcrd@cand.uscourts.gov

- Upon review of the joint statement, the Court will advise the parties regarding the need, if any, for more briefing, a hearing, or a telephonic conference.

- *For all cases, the joint statement must be filed no later than 7 days after the discovery cut-off date(s) pursuant to Civil Local Rule 37-3.*

### c. PRIVILEGE LOGS

If a party withholds information that is responsive to a discovery request and is otherwise discoverable under the Federal Rules of Civil Procedure, by claiming that it is privileged or protected from discovery under the attorney work product doctrine or any other protective doctrine (including, but not limited to, privacy rights), that party shall prepare a privilege log (Fed. R. Civ. P. 26(b)(5)) setting forth the privilege relied upon and specifying separately for each document or for each category of similarly-situated documents:

    a. The name and job title or capacity of the author;

    b. The name and job title or capacity of each recipient;

4

c.  The date the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than its author(s);

d.  The title and description of the document;

e.  The subject matter addressed in the document;

f.  The purpose(s) for which it was prepared or communicated; and

g.  The specific basis for the claim that it is privileged.

The privilege log will be produced as quickly as possible, but no later than 14 days after the discovery responses are due, unless the parties stipulate or the Court orders otherwise.

8.  **AMENDED PLEADINGS**

If a party filed an amended complaint or other amended pleading, they must also file as an exhibit to the pleading a redline version showing what changes have been made to the most-recent version. Self-represented parties are not required to comply with this requirement.

9.  **CHAMBERS COPIES NOT REQUIRED; EXCEPTIONS**

Pursuant to Civil Local Rule 5-1(d)(7), no chambers copies are required unless specifically requested by the Court. If chambers copies are requested by the Court, parties are to notify the courtroom deputy at svkcrd@cand.uscourts.gov when they have been delivered.

**SO ORDERED.**
February 12, 2025

SUSAN VAN KEULEN
United States Magistrate Judge

5

CIVIL PRETRIAL STANDING ORDER

MAGISTRATE JUDGE SUSAN VAN KEULEN

**Updated February 2025**

I.    **GENERAL**

The following requirements, deadlines, and procedures apply in all cases scheduled for trial before Magistrate Judge Susan van Keulen, <u>unless the Court specifically orders otherwise</u>.

II.    **MEET AND CONFER RE PREPARATION OF PRETRIAL MATERIALS**

At least *30 days before the Pretrial Conference,* lead trial counsel must meet and confer either in person or by videoconference regarding:

   A.  Preparation and exchange of pretrial materials required under Federal Rule of Civil Procedure 26(a)(3);

   B.  Preparation of the pretrial materials the parties are required to submit jointly as part of the Joint Pretrial Statement, as discussed in Section IV of this Standing Order; and

   C.  Clarifying and narrowing the contested issues for trial in order to achieve a just, speedy, and efficient resolution of the case.

III.    **MOTIONS IN LIMINE**

The parties must meet and confer with respect to motions in limine and attempt to resolve them by stipulation.  The stipulated motions in limine should be handled as set forth below regarding Trial Stipulations.

For all other motions in limine, each side may file not more than 5 motions in limine set forth in a **single document** that does not exceed 15 pages double-spaced in 12-point font. Motions in limine must be filed at least *21 days before the Pretrial Conference.*  Each party's responses to motions in limine must be contained in a single document that does not exceed 15 pages double-spaced in 12-point font.  Responses to motions in limine are due *14 days before the Pretrial Conference.*  No party may file a reply without leave of Court.  The Court will hold a hearing on the motions in limine at the Pretrial Conference.

1

## IV.    JOINT PRETRIAL STATEMENT

At least *21 days before the Pretrial Conference*, the parties must file in ECF a Joint Pretrial Statement that includes as attachments the items listed below. All items must be in text-searchable PDF format.

### A.    Proposed Order Re: Trial Stipulations

The Court expects that the parties will agree to a variety of stipulations regarding the conduct of the trial.

### B.    Jury or Bench Trial

The parties must notify the Court whether the trial will be a jury or bench trial, provided that jury was properly demanded in accordance with Fed. R. Civ. P. 38.

### C.    Witness List

The parties must include in the Joint Pretrial Statement a list of all witnesses likely to be called at trial (other than solely for impeachment or rebuttal), with a brief statement following each name describing the substance of the testimony to be given and a time estimate for the direct and cross examinations. This information must be presented in chart format and organized by party. Witnesses who will be testifying as experts should be identified as such and included in a separate expert witness list (see below). Witnesses not included on the list may be excluded from testifying.

### D.    Expert Witness List

The parties must include in the Joint Pretrial Statement a list of all expert witnesses with a summary that clearly describes each expert's theories and conclusions, as well as a curriculum vitae for each expert. Witnesses not included on the list may be excluded from testifying.

### E.    Exhibit List

The parties must attach to the Joint Pretrial Statement an exhibit list in chart format of all documents and other items to be offered as exhibits at the trial (other than solely for impeachment or rebuttal). The chart must be in landscape orientation, must be organized in numerical order by exhibit number, and must include columns containing the following information for each exhibit:

1.    An exhibit number. To avoid duplicative numbering, counsel must meet and confer on a method for numbering exhibits. For example, the parties might agree that the plaintiff will use numbers and the defendant will use letters, or that the plaintiff will use numbers 100-199 and the defendant will use numbers 200-299.

2.    A brief description of each exhibit's contents and purpose.

3.    The identity of each sponsoring witness.

2

4. Specification of whether the Parties stipulate to admit the exhibit or grounds for any objections to the exhibit. Before submitting the list, the parties must meet and confer and attempt to stipulate as to the admissibility of each exhibit. The parties must make a good faith effort to stipulate to the admissibility of trial exhibits. If stipulation is not possible, the parties must make every effort to stipulate to authenticity and foundation absent a legitimate objection

5. A blank column for the Court's ruling on objections.

6. A blank column for the date on which each exhibit is admitted.

At the Pretrial Conference, the Court will discuss with the parties whether electronic or hard copy trial exhibits will be used at trial.

## F.  List of Discovery Excerpts

The parties must list in the Joint Pretrial Statement those excerpts from depositions, interrogatory answers, or responses to requests for admission (other than those solely for impeachment or rebuttal) likely to be used as trial. Prior to submitting the list, the parties must meet and confer and attempt to resolve any disagreements regarding designations or counter-designations. The Court expects the parties will resolve by agreement most disputes over discovery materials to be used at trial. For any disputes that cannot be resolved by agreement, the parties must (i) identify any remaining legal objections to the excerpts on the list itself, and (ii) attach in a separate appendix copies of the disputed excerpts so that the Court can review the disputed materials. The parties must file a single proposed order with all disputed designations which will allow the Court to rule on whether permission to use each is granted, granted with modification, or denied.

## G.  Voir Dire Questions (jury trials only)

The Court sends a standard questionnaire to prospective jurors in advance of jury selection. The Court allows each side to supply up to 5 additional questions. The parties must include in the Joint Pretrial Statement any questions they want to include in the jury questionnaire and any questions for the court-directed voir dire. If any questions are contested, each party must state the basis for proposing or opposing the question.

## H.  Jury Instructions (jury trials only)

The parties must include in the Joint Pretrial Statement a joint set of preliminary and final jury instructions. If any instructions are contested, the joint set of instructions should include each party's proposed instruction with a short (not to exceed ½ page) statement of the legal basis for proposing or opposing the instruction.

## I.  Verdict Form (jury trials only)

The parties must attach to the Joint Pretrial Statement an agreed-upon proposed verdict form or, if the parties are unable to agree on a verdict form, separate proposed verdict forms.

3

J.   Summary of Case Statement

In all cases, the parties must include in the Joint Pretrial Statement an agreed-upon summary of the case, not to exceed one page.  If the parties cannot agree on such a statement, each party must submit its own summary, not to exceed one page.  In jury trials, this statement of the case will be read to the jury at jury selection.

K.   Relief Requested

The parties must include in the Joint Pretrial Statement a detailed statement of all requested relief, including an itemization of all damages claimed.

L.   Pending Motions or Matters

The parties must include in the Joint Pretrial Statement a statement identifying any motions or other matters that must be resolved prior to trial.

M.   Estimate of Trial Time

The parties must include in the Joint Pretrial Statement an estimate of the number of hours or days needed for the trial.

N.   Proposed Findings of Fact and Conclusions of Law (bench trials only)

For bench trials, each party must include in the Joint Pretrial Statement proposed findings of fact and conclusions of law on all material issues.  The proposed findings must be brief, written in plain English, and free of pejorative language, conclusions, or argument.  Conclusions of law must be supported by appropriate citation to legal authority.

O.   Trial briefs not required

The parties are not to file trial briefs unless requested by the Court.

V.     **CHAMBERS COPIES TO BE DELIVERED TO THE COURT**

A.  *On the day the Joint Pretrial Statement is filed in ECF*, the following documents must be emailed in Word format to the Courtroom Deputy (svkcrd@cand.uscourts.gov):

1.   The exhibit list chart.

2.   PDFs of all disputed exhibits, labeled to conform to the exhibit list

3.   Proposed orders on the motions in limine.

4.   The proposed order re trial stipulations.

5.   Proposed orders on objections to discovery designations.

4

6. The joint set of proposed jury instructions.

7. The proposed verdict form(s).

8. For bench trials, each party's proposed findings of fact and conclusions of law.

B. *By 12 p.m. on the day after the Joint Pretrial Statement is filed in ECF*, the parties must deliver two (2) paper copies of the following items to the San Jose Courthouse directed to the attention of Judge van Keulen:

1. The Joint Pretrial Statement with all attachments, organized in binders containing an index and copies of filed documents with the ECF header reflecting the item's docket number and filing date.

2. Copies of the exhibit list and all disputed exhibits, organized in binders with tabs numbered to correspond to the exhibit numbers.

## VI. **TRIAL PROCEDURES**

### A. Trial Schedule

The Court's usual schedule for jury trials is Monday-Friday, 8:30 a.m. to 1:30 p.m. with two 15-minute breaks. Counsel must be available to arrive earlier or stay later to address any matters that must be heard out of the presence of the jury.

In jury trials, the jury may be selected during the week in advance of trial or on the first day of trial, depending upon the District's overall trial schedule. If selected on the first day of trial, trial will begin immediately following jury selection.

### B. Trial Time Limits

At the Pretrial Conference the Court will set time limits for each party to present its case. The Court's usual practice is to set fixed time limits for presentation of each party's evidence, including direct and cross examination and any sidebars requested by that party. Time limits for opening statements and closing arguments will be set separately. The Courtroom Deputy will track each party's time, but the parties are encouraged to track their own time and consult with the Courtroom Deputy at the end of each day to avoid discrepancies.

### C. Trial Exhibits

Each trial exhibit (whether electronic or hard copy) must be pre-marked with a trial exhibit sticker (not a deposition exhibit sticker) in a color other than white placed in the top right corner of the first page of a document. The sticker must be in the following format:

<div style="border:1px solid">

United States District Court, Northern District of California
Case No._____

Case Name_____

**Plaintiff(s)/Defendant(s) Exhibit #_____**

</div>

D. <u>Deposition transcripts used at trial</u>

A party using a deposition transcript at trial for any purpose must provide three (3) paper copies of the transcript: one for the Court, one for the opposing party, and one for the witness.

E. <u>Electronic Equipment</u>

If a party wishes to use electronic equipment or other large items (such as bookshelves), the party must file a request and proposed order with the Court no later than 5 days prior to trial. Equipment not provided by the Court must be tested in the courtroom prior to the day when it will be used. Arrangements for such testing may be made with the Courtroom Deputy.

F. <u>Conduct of Trial</u>

No additional motions may be filed during trial without meet and confer with opposing counsel and leave of Court.

The parties are expected to agree on a procedure for exchanging information about the order and timing of witnesses, the exhibits to be used with each witness (other than solely for impeachment), and demonstratives to be used with each witness, including demonstratives to be used in opening statements and in closing arguments. The agreed-upon notice procedure must allow opportunity for any objections to be raised and resolved by the Court without delaying the conduct of trial.

Absent further Court order, each side must select one attorney for each trial task. For example, a witness examination or argument may not be divided between attorneys. Additionally, only the same attorney who examines the witness will be allowed to object during the adversary's examination of that witness.

The Court may require submission of a photograph of each witness prior to the witness's testimony to assist the trier of fact with recalling the testimony.

G. <u>Trial Transcripts</u>

If a party wishes to order a trial transcript, they must follow the instructions on how to file a transcript order at <u>www.cand.uscourts.gov/transcripts</u>

## VII.    Post-Trial Exhibit Procedures

After trial, the parties must comply with the requirements for filing trial exhibits set forth in Civil Local Rule 5-1(g).  Each party must retain its exhibits through the appellate process.  It is each party's responsibility to make arrangement with the Clerk of Court to file the record on appeal.

**SO ORDERED.**

February 12, 2025

Susan van Keulen

SUSAN VAN KEULEN
United States Magistrate Judge

7

**SETTLEMENT CONFERENCE STANDING ORDER**

**MAGISTRATE JUDGE SUSAN van KEULEN**

**Updated February 2025**

## SCHEDULING

To coordinate scheduling, please contact the Courtroom Deputy at svkcrd@cand.uscourts.gov or (408) 535-5363. Settlement conferences typically are set Wednesday-Friday at 9:30 a.m. and run a full day, at the Court's discretion. The conferences are in-person. The Court may, in its discretion, allow a video conference under certain circumstances.

A settlement conference may be continued only for a compelling reason. The party seeking to continue a settlement conference must first meet and confer with opposing counsel and then promptly file a request in ECF. The request must demonstrate the compelling reason for the continuance and state whether any party objects to the continuance. Any party that objects to the continuance must file an opposition in ECF within two days of the filing date of the request for the continuance.

If the case settles before the settlement conference takes place, the parties must inform Courtroom Deputy immediately.

## PERSONS REQUIRED TO ATTEND SETTLEMENT CONFERENCE

All parties with full authority to settle the matter and their counsel are required to attend the settlement conference *in person*, not by telephone. Non-natural persons must be represented by a person with unlimited authority to negotiate a settlement. An insured party must also appear with a representative of the carrier with full authority to negotiate up to the limits of coverage. *A person who must call another person not present at the conference before agreeing to a settlement does not have the requisite unlimited authority.*

## SETTLEMENT CONFERENCE STATEMENT

No later than seven days prior to the conference, the parties must send the following statements in text-searchable PDF format to svkcrd@cand.uscourts.gov. The statements must not be filed in ECF.

1. **A joint settlement conference statement**. The joint settlement conference statement must include:

   (a) the identity of the attorney(s) and clients attending the settlement conference;

   (b) a brief statement of the facts of the case;

   (c) a brief statement of the claims and defenses raised, including statutory or other grounds upon which the claims are founded;

   (d) a bullet-point summary of the proceedings to date, including the operative case schedule;

   (e) a list of all pending motions;

   (f) the relief sought; and

(g) the parties' positions on settlement exchanged as of the date of the joint statement, including a history of settlement discussions and the present demands and offers.

2. **A confidential addendum to the joint statement**. The confidential addendum is not to be served on any other party and must include:

(a) a *candid* evaluation of the parties' likelihood of prevailing on the claims and defenses;
(b) a brief description of the major issues in dispute and any discrete issue that, if resolved, would facilitate the resolution of the case;
(c) the party's settlement value of the case.

## PRE-SETTLEMENT CONFERENCE CALL WITH THE COURT

At the time of scheduling the settlement conference, the court will set a date and time for a pre-settlement conference call with all counsel to take place not less than 48 hours prior to the conference. Counsel should be prepared to discuss issues highlighted in the joint statement, issues not covered in the joint statement but relevant to settlement, and logistics of the settlement conference.

**SO ORDERED**.
February 12, 2025

Susan van Keulen
U.S. Magistrate Judge

2

DEC 1 8 2025

# Exhibit 2

Ron Holland (SBN CA 148687)
Lindsay Hutner (SBN CA 238998)
GREENBERG TRAURIG, LLP
101 Second Street, Suite 2200
San Francisco, California 94105-3668
Telephone: 415.655.1300
Facsimile: 415.707.2010
Ron.Holland@gtlaw.com
Lindsay.Hutner@gtlaw.com


Attorneys for Defendant
SYNOPSYS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| SHRUTI MANGALMURTI,<br><br>        Plaintiff,<br><br>v.<br><br>SYNOPSYS, INC.,<br><br>        Defendant. | CASE NO. 5:25-cv-10694-SVK<br><br>**DEFENDANT SYNOPSYS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed:        December 15, 2025 |

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, SYNOPSYS, INC ("Defendant") files this Answer and Affirmative Defenses to the Complaint ("Complaint") of Plaintiff Shruti Mangalmurti ("Plaintiff"). Except as expressly admitted below, Defendant denies the allegations in Plaintiff's Complaint.

## RESPONSE TO PLAINTIFF'S ALLEGATIONS

## INTRODUCTION

1. Paragraph 1 of Plaintiff's Complaint reflects Plaintiff's characterization of her claims and not allegations of fact for which a response is required. To the extent a response to Paragraph 1 is required, Defendant denies the allegations contained therein.

## PARTIES

2. Defendant lacks information or knowledge sufficient to form a belief as to whether Plaintiff is an individual residing in the State of Texas. To the extent a response to the remaining allegations of Paragraph 2 is required, Defendant admits Plaintiff was an employee of Defendant from April 19, 2021 to July 3, 2024.

3. Paragraph 3 contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits Defendant Synopsys, Inc. is a Delaware corporation with its principal place of business located at 675 Almanor Avenue, Sunnyvale, California 94085. Defendant denies the remaining allegations contained in Paragraph 3.

## JURISDICTION AND VENUE

4. Paragraph 4 contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that subject matter jurisdiction is proper in this Court. Defendant denies the remaining factual allegations contained in Paragraph 4.

5. Paragraph 5 contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that supplemental jurisdiction is proper in this Court. Defendant denies the remaining factual allegations contained in Paragraph 5.

6. Paragraph 6 contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that venue is proper in this Court. Defendant denies the remaining factual allegations contained in Paragraph 6.

///

7. Paragraph 7 contains legal conclusions to which no response is required, and alleges facts that are known to Plaintiff. To the extent a response is required, Defendant denies the allegations in Paragraph 7.

## FACTUAL ALLEGATIONS

8. Defendant admits that Plaintiff began working for Defendant in 2021 as a Product Solutions Sales Manager, Staff, and that Plaintiff's job responsibilities during her employment included supporting customers in the semiconductor industry. Defendant denies the remaining allegations contained in Paragraph 8.

9. Defendant admits that Plaintiff exceeded her sales quota for fiscal years 2022 and 2023. Defendant denies the remaining allegations contained in Paragraph 9.

10. Defendant admits that Plaintiff achieved over one hundred percent of her quota by mid-year of fiscal year 2024. Defendant denies the remaining allegations contained in Paragraph 10.

11. Defendant denies the allegations contained in Paragraph 11.

12. Defendant denies the allegations contained in Paragraph 12.

13. Defendant denies the allegations contained in Paragraph 13.

14. Paragraph 14 contains Plaintiff's characterization of her experiences and not allegations of fact for which a response is required. To the extent a response to Paragraph 14 is required, Defendant denies the allegations in Paragraph 14.

15. Defendant denies the allegations contained in Paragraph 15.

16. Defendant denies the allegations contained in Paragraph 16.

17. Defendant denies the allegations contained in Paragraph 17.

18. Defendant denies the allegations contained in Paragraph 18.

19. Defendant denies the allegations contained in Paragraph 19.

20. Defendant denies the allegations contained in Paragraph 20.

21. Defendant denies the allegations contained in Paragraph 21.

22. Defendant admits that Plaintiff emailed Human Resources on August 21, 2023 where she described Mehdiratta's reaction during a May 9, 2023 meeting as scary. Defendant denies the remaining allegations contained in Paragraph 22.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

23. Defendant denies the allegations contained in Paragraph 23.

24. Defendant denies the allegations contained in Paragraph 24.

25. Defendant denies the allegations contained in Paragraph 25.

26. Defendant denies the allegations contained in Paragraph 26.

27. Defendant denies the allegations contained in Paragraph 27.

28. Defendant denies the allegations contained in Paragraph 28.

29. Defendant admits that Plaintiff emailed Elaine Yang in Defendant's Human Resources department on August 21, 2023. Defendant denies the remaining allegations contained in Paragraph 29.

30. Defendant admits that Plaintiff provided a timeline of interactions with Mehdiratta. Defendant denies the remaining allegations contained in Paragraph 30.

31. Defendant admits that Plaintiff wrote in an email to Elaine Yang on August 21, 2023, I fear he may retaliate with taking away the accounts I love working with or something else. Defendant denies the remaining allegations contained in Paragraph 31.

32. Defendant denies the allegations contained in Paragraph 32.

33. Defendant denies the allegations contained in Paragraph 33.

34. Defendant denies the allegations contained in Paragraph 34.

35. Defendant admits that Plaintiff emailed Elaine Yang in Human Resources on November 20, 2023. Defendant denies the remaining allegations contained in Paragraph 35.

36. Paragraph 36 contains Plaintiff's characterization of her experiences and not allegations of fact for which a response is required. To the extent a response is required, Defendant admits that Plaintiff emailed Ms. Yang on November 20, 2023 requesting that they explore a different reporting structure. Defendant denies the remaining allegations contained in Paragraph 36.

37. Paragraph 37 contains Plaintiff's characterization of her experiences and not allegations of fact for which a response is required. To the extent a response is required, Defendant admits that Plaintiff emailed Ms. Yang on November 20, 2023 requesting that they explore a different reporting structure, referencing personal challenges as a result of the reporting relationship. Defendant denies the remaining allegations contained in Paragraph 37.

38. Defendant admits the allegations contained in Paragraph 38.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

39.     Paragraph 39 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 39.

40.     Defendant admits that of Plaintiff's immediate team, two male employees were invited to a Diamond Club award trip in Hawaii, but others within the US-based team were invited, including female colleagues.  Defendant denies the remaining allegations contained in Paragraph 40.

41.     Defendant denies the allegations contained in Paragraph 41.

42.     Defendant admits that attendance is based on quota achievement, among other factors. Defendant denies the remaining allegations contained in Paragraph 42.

43.     Defendant denies the allegations contained in Paragraph 43.

44.     Defendant admits that in a February 16, 2024, meeting with Phanesh Janapareddi and Elaine Yang, Plaintiff mentioned that both Jim and Roger achieved Diamond Club. Defendant denies the remaining allegations contained in Paragraph 44.

45.     Defendant denies the allegations contained in Paragraph 45.

46.     Defendant admits that Elaine Yang agreed to continue discussing Plaintiff's management-related concerns. Defendant denies the remaining allegations contained in Paragraph 46.

47.     Defendant denies the allegations contained in Paragraph 47.

48.     Defendant admits that Phanesh Janapareddi and Elaine Yang worked together to develop a mediation process to improve Plaintiff's working relationships. Defendant denies the remaining allegations contained in Paragraph 48.

49.     Defendant denies the allegations contained in Paragraph 49.

50.     Paragraph 50 contains Plaintiff's characterization of her feelings and not allegations of fact for which a response is required. To the extent a response to Paragraph 50 is required, Defendant denies the allegations in Paragraph 50.

51.     Defendant denies the allegations contained in Paragraph 51.

52.     Defendant denies the allegations contained in Paragraph 52.

53.     Defendant denies the allegations contained in Paragraph 53.

54.     Defendant denies the allegations contained in Paragraph 54.

55.     Defendant admits the allegations contained in Paragraph 55.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

56. Defendant denies the allegations contained in Paragraph 56.

57. Defendant denies the allegations contained in Paragraph 57.

58. Defendant denies the allegations contained in Paragraph 58.

59. Defendant denies the allegations contained in Paragraph 59.

60. Paragraph 60 contains Plaintiff's characterization of her mother's health to which Defendant cannot admit or deny. To the extent a response is required, Defendant denies the remaining allegations contained in Paragraph 60.

61. Defendant lacks information or knowledge sufficient to form a belief as to whether Plaintiff traveled in India to be with her family. Defendant denies the remaining allegations contained in Paragraph 61.

62. Paragraph 62 contains Plaintiff's characterization of her mother's health to which Defendant cannot admit or deny. To the extent a response to the remaining allegations of Paragraph 62 is required, Defendant denies the remaining allegations contained in Paragraph 62.

63. Defendant lacks information or knowledge sufficient to form a belief as to whether Plaintiff traveled back to India from May 1 to May 5, 2024. Defendant denies the remaining allegation contained in Paragraph 63.

64. Paragraph 64 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations contained in Paragraph 64.

65. Defendant denies the allegations contained in Paragraph 65.

66. Defendant denies the allegations contained in Paragraph 66.

67. Defendant denies the allegations contained in Paragraph 67.

68. Defendant admits that Plaintiff's last working day was June 18, 2024, and her termination date was July 3, 2024. Defendant denies the remaining allegations contained in Paragraph 68.

69. Defendant denies the allegations contained in Paragraph 69.

70. Defendant admits that Plaintiff exceeded her sales quota for fiscal years 2022 and 2023. Defendant denies the remaining allegations contained in Paragraph 70.

71. Paragraph 71 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 71.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

72. Defendant denies the allegations contained in Paragraph 72.

73. Paragraph 73 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 73.

74. Defendant denies the allegations contained in Paragraph 74.

75. Paragraph 75 contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Plaintiff's employment was terminated based on her lack of suitability to continue in the role. Defendant denies the remaining allegations contained in Paragraph 75.

76. Paragraph 76 of Plaintiff's Complaint reflects Plaintiff's characterization of her claims and not allegations of fact for which a response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 76.

77. Paragraph 77 of Plaintiff's Complaint reflects Plaintiff's characterization of her claims and not allegations of fact for which a response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 77.

78. Paragraph 78 contains legal conclusions and Plaintiff's characterization of her own experiences to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 78.

79. Paragraph 79 contains legal conclusions and Plaintiff's characterization of her own experiences to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 79.

80. Defendant denies the allegations contained in Paragraph 80.

81. Defendant denies the allegations contained in Paragraph 81.

82. Defendant denies the allegations contained in Paragraph 82.

83. Paragraph 83 contains legal conclusions and Plaintiff's characterization of her own experiences to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 83.

84. Paragraph 84 contains Plaintiff's characterization of the semiconductor technology sales industry and not allegations of fact for which a response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 84.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

85. Paragraph 85 contains Plaintiff's characterization of the semiconductor technology sales industry and not allegations of fact for which a response is required. To the extent a response to Paragraph 85 is required, Defendant denies the allegations contained in Paragraph 85.

86. Paragraph 86 contains Plaintiff's characterization of the semiconductor technology sales industry and not allegations of fact for which a response is required. To the extent a response to Paragraph 86 is required, Defendant denies the allegations contained in Paragraph 86.

87. Paragraph 87 contains solely legal conclusions to which no response is required. To the extent a response to Paragraph 87 is required, Defendant denies the allegations contained in Paragraph 87.

## FIRST CAUSE OF ACTION

### Sex Discrimination in Violation of Title VII of The Civil Rights Act Of 1964
### (42 U.S.C. §2000e *et seq*.)

88. Defendant restates its previous responses to the paragraphs referenced in Paragraph 88.

89. Paragraph 89 contains solely legal conclusions to which no response is required. To the extent a response is required, Defendant does not admit or deny the statements, conclusions, or arguments in Paragraph 89 that do not constitute allegations of fact sufficient to state a claim. Defendant denies the remaining allegations contained in Paragraph 89.

90. Paragraph 90 contains solely legal conclusions to which no response is required. To the extent a response is required, Defendant does not admit or deny the statements, conclusions, or arguments in Paragraph 90 that do not constitute allegations of fact sufficient to state a claim. Defendant denies the remaining allegations contained in Paragraph 90.

91. Paragraph 91 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 91 is required, Defendant denies the remaining allegations contained in Paragraph 91.

92. Paragraph 92 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 92.

93. Paragraph 93 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 93.

///

94. Paragraph 94 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 94.

95. Paragraph 95 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 95 is required, Defendant denies the remaining allegations contained in Paragraph 95.

96. Paragraph 96 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 96 is required, Defendant denies the remaining allegations contained in Paragraph 96.

## SECOND CAUSE OF ACTION

### Race Discrimination In Violation Of Title VII Of The Civil Rights Act Of 1964
### (42 U.S.C. §2000e *et seq*.)

97. Defendant restates its previous responses to the paragraphs referenced in Paragraph 97.

98. Paragraph 98 contains solely legal conclusions to which no response is required. To the extent a response is required, Defendant does not admit or deny the statements, conclusions, or arguments in Paragraph 98 that do not constitute allegations of fact sufficient to state a claim. Defendant denies the remaining allegations contained in Paragraph 98.

99. Paragraph 99 contains solely legal conclusions to which no response is required. To the extent a response is required, Defendant does not admit or deny the statements, conclusions, or arguments in Paragraph 99 that do not constitute allegations of fact sufficient to state a claim. Defendant denies the remaining allegations contained in Paragraph 99.

100. Paragraph 100 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 100 is required, Defendant denies the remaining allegations contained in Paragraph 100.

101. Paragraph 101 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 101.

102. Defendant denies the allegations contained in Paragraph 102.

103. Paragraph 103 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 103.

104. Paragraph 104 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 104 is required, Defendant denies the remaining allegations contained in Paragraph 104.

105. Paragraph 105 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 105 is required, Defendant denies the remaining allegations contained in Paragraph 105.

## THIRD CAUSE OF ACTION

**Sex And Race Harassment In Violation Of Title VII Of The Civil Rights Act Of 1964**
**(42 U.S.C. §2000e *et seq*.)**

106. Defendant restates its previous responses to the paragraphs referenced in Paragraph 106.

107. Paragraph 107 contains solely legal conclusions to which no response is required. To the extent a response is required, Defendant does not admit or deny the statements, conclusions, or arguments in Paragraph 107 that do not constitute allegations of fact sufficient to state a claim. Defendant denies the remaining allegations contained in Paragraph 107.

108. Paragraph 108 contains solely legal conclusions to which no response is required. To the extent a response is required, Defendant does not admit or deny the statements, conclusions, or arguments in Paragraph 108 that do not constitute allegations of fact sufficient to state a claim. Defendant denies the remaining allegations contained in Paragraph 108.

109. Paragraph 109 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 109.

110. Defendant denies the allegations contained in Paragraph 110.

111. Paragraph 111 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 111.

112. Paragraph 112 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 112.

113. Defendant denies the allegations contained in Paragraph 113.

114. Paragraph 114 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 114.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

115. Paragraph 115 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 115.

116. Paragraph 116 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 116.

117. Paragraph 117 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 117 is required, Defendant denies the remaining allegations contained in Paragraph 117.

118. Paragraph 118 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 118 is required, Defendant denies the remaining allegations contained in Paragraph 118.

## **FOURTH CAUSE OF ACTION**

### **Retaliation in Violation of Title VII of The Civil Rights Act Of 1964**
### **(42 U.S.C. §2000e *et seq*.)**

119. Defendant restates its previous responses to the paragraphs referenced in Paragraph 119.

120. Paragraph 120 contains solely legal conclusions to which no response is required. To the extent a response is required, Defendant does not admit or deny the statements, conclusions, or arguments in Paragraph 120 that do not constitute allegations of fact sufficient to state a claim. Defendant denies the remaining allegations contained in Paragraph 120.

121. Paragraph 121 contains solely legal conclusions to which no response is required. To the extent a response is required, Defendant does not admit or deny the statements, conclusions, or arguments in Paragraph 121 that do not constitute allegations of fact sufficient to state a claim. Defendant denies the remaining allegations contained in Paragraph 121.

122. Paragraph 122 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 122 is required, Defendant denies the remaining allegations contained in Paragraph 122.

123. Paragraph 123 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 123.

124. Paragraph 124 contains legal conclusions to which no response is required. To the extent a

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

response is required, Defendant admits that the TEL account was removed from Plaintiff's portfolio in or around December 2023, Plaintiff's last working day was on June 18, 2024, and Plaintiff's employment terminated on July 3, 2024. Defendant denies the remaining allegations contained in Paragraph 124.

125. Paragraph 125 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 25 is required, Defendant denies the remaining allegations contained in Paragraph 125.

126. Defendant denies the allegations contained in Paragraph 126.

127. Paragraph 127 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 127 is required, Defendant denies the remaining allegations contained in Paragraph 127.

128. Paragraph 128 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 128 is required, Defendant denies the remaining allegations contained in Paragraph 128.

## FIFTH CAUSE OF ACTION

### Race Discrimination (42 U.S.C. § 1981)

129. Defendant restates its previous responses to the paragraphs referenced in Paragraph 129.

130. Paragraph 130 contains legal conclusions and Plaintiff's characterization of her own rights and not allegations of fact for which a response is required. To the extent a response is required, Defendant does not admit or deny the statements, conclusions, or arguments contained in Paragraph 130. Defendant denies the remaining allegations contained in Paragraph 130.

131. Paragraph 131 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 131.

132. Paragraph 132 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 132.

133. Paragraph 133 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 133.

134. Paragraph 134 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 134 is required, Defendant denies the remaining

allegations contained in Paragraph 134.

135.    Paragraph 135 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 135 is required, Defendant denies the remaining allegations contained in Paragraph 135.

## SIXTH CAUSE OF ACTION

### Sex Discrimination in Violation of The California Fair Employment And Housing Act
### (Cal. Gov't Code § 12940(a))

136.    Defendant restates its previous responses to the paragraphs referenced in Paragraph 136.

137.    Paragraph 137 contains solely legal conclusions to which no response is required. To the extent a response is required, Defendant does not admit or deny the statements, conclusions, or arguments in Paragraph 137 that do not constitute allegations of fact sufficient to state a claim. Defendant denies the remaining allegations contained in Paragraph 137.

138.    Paragraph 138 contains solely legal conclusions to which no response is required. To the extent a response is required, Defendant does not admit or deny the statements, conclusions, or arguments in Paragraph 138 that do not constitute allegations of fact sufficient to state a claim. Defendant denies the remaining allegations contained in Paragraph 138.

139.    Paragraph 139 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 139 is required, Defendant denies the remaining allegations contained in Paragraph 139.

140.    Paragraph 140 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 140.

141.    Paragraph 141 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 141 is required, Defendant denies the remaining allegations contained in Paragraph 141.

142.    Paragraph 142 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 142 is required, Defendant denies the remaining allegations contained in Paragraph 142.

///

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

## SEVENTH CAUSE OF ACTION

### Race Discrimination in Violation of The California Fair Employment And Housing Act
### (Cal. Gov't Code § 12940(a))

143. Defendant restates its previous responses to the paragraphs referenced in Paragraph 143.

144. Paragraph 144 contains solely legal conclusions to which no response is required. To the extent a response is required, Defendant does not admit or deny the statements, conclusions, or arguments in Paragraph 144 that do not constitute allegations of fact sufficient to state a claim. Defendant denies the remaining allegations contained in Paragraph 144.

145. Paragraph 145 contains solely legal conclusions to which no response is required. To the extent a response is required, Defendant does not admit or deny the statements, conclusions, or arguments in Paragraph 145 that do not constitute allegations of fact sufficient to state a claim. Defendant denies the remaining allegations contained in Paragraph 145.

146. Paragraph 146 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 146 is required, Defendant denies the remaining allegations contained in Paragraph 146.

147. Paragraph 147 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 147.

148. Paragraph 148 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 148 is required, Defendant denies the remaining allegations contained in Paragraph 148.

149. Paragraph 149 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 149 is required, Defendant denies the remaining allegations contained in Paragraph 149.

## EIGHTH CAUSE OF ACTION

### Sex And Race Harassment in Violation of The California Fair Employment And Housing Act
### (Cal. Gov't Code § 12940(j))

150. Defendant restates its previous responses to the paragraphs referenced in Paragraph 150.

151. Paragraph 151 contains solely legal conclusions to which no response is required. To the

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

extent a response is required, Defendant does not admit or deny the statements, conclusions, or arguments in Paragraph 151 that do not constitute allegations of fact sufficient to state a claim. Defendant denies the remaining allegations contained in Paragraph 151.

152. Paragraph 152 contains solely legal conclusions to which no response is required. To the extent a response is required, Defendant does not admit or deny the statements, conclusions, or arguments in Paragraph 152 that do not constitute allegations of fact sufficient to state a claim. Defendant denies the remaining allegations contained in Paragraph 152.

153. Paragraph 153 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 153 is required, Defendant denies the remaining allegations contained in Paragraph 153.

154. Paragraph 154 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 154 is required, Defendant denies the remaining allegations contained in Paragraph 154.

155. Paragraph 155 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 155.

156. Paragraph 156 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 156 is required, Defendant denies the remaining allegations contained in Paragraph 156.

## NINTH CAUSE OF ACTION

### Retaliation in Violation of The California Fair Employment And Housing Act
### (Cal. Gov't Code § 12940(h))

157. Defendant restates its previous responses to the paragraphs referenced in Paragraph 157.

158. Paragraph 158 contains solely legal conclusions to which no response is required. To the extent a response is required, Defendant does not admit or deny the statements, conclusions, or arguments in Paragraph 158 that do not constitute allegations of fact sufficient to state a claim. Defendant denies the remaining allegations contained in Paragraph 158.

159. Paragraph 159 contains solely legal conclusions to which no response is required. To the extent a response is required, Defendant does not admit or deny the statements, conclusions, or arguments

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

in Paragraph 159 that do not constitute allegations of fact sufficient to state a claim. Defendant denies the remaining allegations contained in Paragraph 159.

160. Paragraph 160 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 160 is required, Defendant denies the remaining allegations contained in Paragraph 160.

161. Paragraph 161 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 161.

162. Paragraph 162 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 162.

163. Paragraph 163 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 163 is required, Defendant denies the remaining allegations contained in Paragraph 163.

164. Paragraph 164 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 164 is required, Defendant denies the remaining allegations contained in Paragraph 164.

165. Paragraph 165 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 165 is required, Defendant denies the remaining allegations contained in Paragraph 165.

## TENTH CAUSE OF ACTION

**Failure to Prevent Discrimination, Harassment, And Retaliation in Violation of The California Fair Employment and Housing Act (Cal. Gov't Code § 12940(k))**

166. Defendant restates its previous responses to the paragraphs referenced in Paragraph 166.

167. Paragraph 167 contains solely legal conclusions to which no response is required. To the extent a response is required, Defendant does not admit or deny the statements, conclusions, or arguments in Paragraph 167 that do not constitute allegations of fact sufficient to state a claim. Defendant denies the remaining allegations contained in Paragraph 167.

168. Paragraph 168 contains solely legal conclusions to which no response is required. To the extent a response is required, Defendant does not admit or deny the statements, conclusions, or arguments

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

in Paragraph 168 that do not constitute allegations of fact sufficient to state a claim. Defendant denies the remaining allegations contained in Paragraph 168.

169.    Paragraph 169 contains solely legal conclusions to which no response is required. To the extent a response is required, Defendant does not admit or deny the statements, conclusions, or arguments in Paragraph 169 that do not constitute allegations of fact sufficient to state a claim. Defendant denies the remaining allegations contained in Paragraph 169.

170.    Paragraph 170 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 170 is required, Defendant denies the remaining allegations contained in Paragraph 170.

171.    Paragraph 171 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 171.

172.    Paragraph 172 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 172.

173.    Paragraph 173 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 173.

174.    Paragraph 174 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 174.

175.    Paragraph 175 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 175 is required, Defendant denies the remaining allegations contained in Paragraph 175.

### ELEVENTH CAUSE OF ACTION

**Retaliation in Violation of The California Family Rights Act**
**(Cal. Gov't Code § 12940(a))**

176.    Defendant restates its previous responses to the paragraphs referenced in Paragraph 176.

177.    Paragraph 177 contains solely legal conclusions to which no response is required. To the extent a response is required, Defendant does not admit or deny the statements, conclusions, or arguments in Paragraph 177 that do not constitute allegations of fact sufficient to state a claim. Defendant denies the remaining allegations contained in Paragraph 177.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

178. Paragraph 178 contains solely legal conclusions to which no response is required. To the extent a response is required, Defendant does not admit or deny the statements, conclusions, or arguments in Paragraph 178 that do not constitute allegations of fact sufficient to state a claim. Defendant denies the remaining allegations contained in Paragraph 178.

179. Paragraph 179 contains solely legal conclusions to which no response is required. To the extent a response is required, Defendant does not admit or deny the statements, conclusions, or arguments in Paragraph 179 that do not constitute allegations of fact sufficient to state a claim. Defendant denies the remaining allegations contained in Paragraph 179.

180. Paragraph 180 contains solely legal conclusions to which no response is required. To the extent a response is required, Defendant does not admit or deny the statements, conclusions, or arguments in Paragraph 180 that do not constitute allegations of facts sufficient to state a claim. Defendant denies the remaining allegations contained in Paragraph 180.

181. Paragraph 181 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 181 is required, Defendant denies the remaining allegations contained in Paragraph 181.

182. Defendant denies the allegations contained in Paragraph 182.

183. Defendant denies the allegations contained in Paragraph 183.

184. Defendant admits that Plaintiff's employment terminated on July 3, 2024. Defendant denies the remaining allegations contained in Paragraph 184.

185. Paragraph 185 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 185.

186. Paragraph 186 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 186 is required, Defendant denies the remaining allegations contained in Paragraph 186.

187. Paragraph 187 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 187 is required, Defendant denies the remaining allegations contained in Paragraph 187.

///

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

188.    Paragraph 188 contains legal conclusions to which no response is required. To the extent a response to the remaining allegations of Paragraph 188 is required, Defendant denies the remaining allegations contained in Paragraph 188.

## ANSWER TO PLAINTIFF'S PRAYER FOR RELIEF

Defendant denies the allegations contained in the Prayer for Relief section of the Complaint and each paragraph and subparagraph contained therein. Defendant denies Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Arbitration)

1.    The claims set forth in Plaintiff's Complaint are subject to binding, contractual arbitration agreements. Defendant expressly reserves the right to bring a motion to compel the Plaintiff's Complaint, and/or the claims of any of the Plaintiff asserted in Plaintiff's Complaint, to binding arbitration pursuant to arbitration agreements executed by Plaintiff. Accordingly, Defendant's rights to compel arbitration and to oppose class certification based on such arbitration agreements are hereby reserved.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2.    Plaintiff's Complaint, and each and every cause of action therein, is barred by the applicable statute of limitations, including, but not limited to, California Government Code sections 12960 and 12965 and Code of Civil Procedure section 338.

## THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

3.    Plaintiff is estopped by her conduct from recovering any relief sought in Plaintiff's Complaint, or in any purported cause of action alleged therein.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

4.    By her conduct, Plaintiff has waived any right to recover any relief sought in Plaintiff's Complaint, or in any purported cause of action alleged therein.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

5.     Plaintiff's claims are barred by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Laches)

6.     Plaintiff is guilty of undue delay in filing and prosecuting this suit, and accordingly, this action is barred by laches.

## SEVENTH AFFIRMATIVE DEFENSE

### (Res Judicata & Collateral Estoppel)

7.     Plaintiff's claims are barred under the doctrine of collateral estoppel and res judicata.

## EIGHTH AFFIRMATIVE DEFENSE

### (Constitutional Bar of Excessive Fines)

8.     Plaintiff's claims are barred by the "excessive fines" clauses of the Eighth Amendment to the United States Constitution and Article I, Section 17 of the California Constitution.

## NINTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

9.     Plaintiff's allegations are barred as a matter of law because Plaintiff lacks standing.

## TENTH AFFIRMATIVE DEFENSE

### (Setoff, and Accord & Satisfaction)

10.     Plaintiff's claims are barred in whole or in part by payment, setoff, and/or accord and satisfaction.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Constitutional Limits on Punitive Damages)

11.     Plaintiff is not entitled to recover punitive or exemplary damages from Defendant on the grounds that any award of punitive or exemplary damages would violate Defendant's constitutional rights under the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

///

///

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

12. Plaintiff failed to exercise reasonable care to mitigate her damages by actively searching for comparable employment, and that her right to recover against Defendants should be reduced or eliminated by such failure.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Basis for Attorney's Fees)

13. Plaintiff has not stated a valid claim for attorney's fees, and even if she could, such claim is barred, by among other laws, the federal and California constitutions, including but not limited to provisions requiring due process and prohibiting excessive fines.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

14. Plaintiff's Complaint, and the purported causes of action therein alleged, fails to state facts sufficient to constitute a claim against Defendants upon which relief can be granted.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law Bars Equitable Relief)

15. To the extent that Plaintiff seeks equitable relief, such claims are barred because Plaintiff has an adequate and complete remedy at law under the Fair Employment and Housing Act, Government Code sections 12940 *et seq*.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Basis for Economic Damages)

16. Plaintiff's Complaint, and each and every purported cause of action therein alleged, or some of them, fails to state facts sufficient to justify an award of non-economic damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

17. Plaintiff's Complaint, to each cause of action contained therein, assuming that any part of this action properly arises under the California Fair Employment and Housing Act (the "FEHA"), the action cannot be maintained to the extent that it relies on alleged FEHA claims, which were not made the subject

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

of a timely charge filed with the California Department of Fair Employment and Housing/Civil Rights Division, or to the extent Plaintiff has otherwise failed to fulfill the statutory prerequisites to suit set forth in the FEHA.

<div align="center">

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Good Faith Conduct)**

</div>

18.     Defendant and its agents acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by them at the times that they acted. Accordingly, Plaintiff's claims are barred, in whole or in part, from any recovery in this action.

**WHEREFORE**, this answering Defendant prays as follows:

1.  That Plaintiff take nothing by their Complaint for damages, including injunctive relief;

2.  That Plaintiff's Complaint be dismissed in its entirety with prejudice;

3.  That Defendant recover its costs of suit, including its reasonable attorneys' fees; and

4.  For such other and further relief as the Court deems just and proper.

DATED: February 9, 2026                    GREENBERG TRAURIG, LLP


By: _____/s/ Lindsay Hutner_____
           Ron Holland
           Lindsay Hutner

Attorneys for Defendant SYNOPSYS, INC.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT